MECHANICS'
BANK
v.
MINTHORNE.

The President, Directors, and Company of the MECHANICS' BANK, in the CITY of NEW-YORK, *against* MINTHORNE.

After interlocutory judgment, in an action against the endorser of a promissory note, the clerk of the Court made a *mistake* in the *assessment* of the damages, by calculating the interest for one year less than the actual time, and the attorney of the plaintiffs, without observing the mistake, filed the report of the assessment, and entered final judgment thereon; and on receiving payment of the amount of the damages and costs, according to such assessment, acknowledged satisfaction of the judgment, which was entered of record; but, afterwards, on paying over the money to the plaintiffs, the mistake was discovered, but the defendant refused to rectify it. The Court, on motion for that purpose, ordered the entry of satisfaction of the judgment, and all proceedings in the cause, subsequent to the interlocutory judgment, to be vacated, and the report of the clerk of the assessment of damages, the record of the judgment, and the satisfaction thereof, to be taken off the files of the Court and cancelled, and the damages to be re-assessed by the clerk, allowing the defendant credit for the amount paid by him.

THE plaintiffs brought an action of *assumpsit* against the defendant, as endorser of a promissory note, made by D. D. *Tompkins*, dated the 31st of *January*, 1818, for seven thousand dollars, payable sixty days after date. An interlocutory judgment, on the default of the defendant for want of a plea, having been entered, the damages were assessed by the clerk of the Court, on the 11th of *May* last; and on the fifteenth of *May* final judgment was signed, filed, and docketted, for the 8,633 dollars and 19 cents damages and costs. On the 28th of *May*, the defendant paid to the plaintiffs' attorney 1,000 dollars, and on the 5th of *July*, 2,133 dollars, and on the 10th day of *August* the further sum of 5,615 dollars and 75 cents, as the balance of principal and interest due on the judgment; and the attorney of the plaintiffs, thereupon, delivered up to the defendant, the note on which the suit was brought, and acknowledged satisfaction of the judgment, as attorney of the plaintiffs; and the satisfaction piece was filed and entered of record. On the 16th day of *August*, the attorney paid over to the plaintiffs the last mentioned sum so received by him, as for the balance of principal and interest due on the note, when, for the first time, it was discovered that a mistake had been made by the clerk, in calculating interest for one year short of the actual period, being the sum of 525 dollars. The mistake was clearly proved by the affidavit of the deputy clerk, who made the calculation, on which the report of the assessment of damages was made, and of the attorney of the plaintiffs, and that he did not discover it until after satisfaction had been entered on record. The defendant, on being applied to by the attorney and the de-

puty clerk, did not deny the mistake, but declined doing any thing in the matter, stating that he was a mere endorser or surety.

*Johnson,* for the plaintiffs, now moved the following rule: that the entry of satisfaction of the judgment be vacated, and the satisfaction piece be taken off the files of the Court and cancelled, and that the report of the clerk upon the assessment of damages, and the rule for final judgment thereon, be amended, by striking out therefrom, respectively, the sum of 8,603 dollars and 95 cents, and inserting the sum of 9,128 dollars and 90 cents; and that the record of the judgment be also amended so as to be made conformable to the report, increasing the amount of the judgment 525 dollars, saving to all persons the rights they may have in the mean time acquired, as to the real estate of the defendant; and that the plaintiffs have leave to issue an execution upon such judgment, and levy, by virtue thereof, 525 dollars, exclusive of sheriff's fees, thereon, on payment of which sum, satisfaction should be entered of the judgment; OR, that the entry of satisfaction of the judgment and all proceedings in the cause, subsequent to the entering of the rules for interlocutory judgment and assessment of damages, be vacated, and that the report of the clerk upon the assessment of damages, and the record of the judgment thereon, and the satisfaction piece thereof, be taken off the file and cancelled; and that the clerk re-assess the damages of the plaintiffs, and, upon such re-assessment, allow him credit for all the sums he had paid; and that the defendant produce to the clerk, upon such re-assessment, the note declared upon in the cause, or, in default thereof, that the sum set forth in the declaration be deemed to be admitted, and the production of the original note be dispensed with. He cited, *Wardell* v. *Eden,* 2 *Johns Cas.* 121. *Bank of Newburgh* v. *Seymour and Smith,* 14 *Johns Rep.* 219. *Lee* v. *Curtiss,* 17 *Johns. Rep.* 86. *Lansing* v. *Lansing,* 18 *Johns. Rep.* 502. *Burr* v. *Reeves,* 1 *Johns. Rep.* 507. *Seaman* v. *Drake,* 1 *Caines' Rep.* 9. *Close* v. *Gillespie,* 3 *Johns. Rep.* 526. *Atterbury* v. *Smith,* 1 *Caines' Rep.* 495. 5 *Burr.* 2730. 1 *Salk.* 47. 53. *Cro. Car.* 144. 1 *Str.* 513. 3 *Term Rep.* 349.

UTICA,
October, *1821.*

MECHANICS'
BANK
v.
MINTHORNE.

5 *Taunt.* 557. 4 *Taunt.* 875. 1 *Taunt.* 221. 4 *Maule and Selw.* 94.

*Caines*, contra.

*Per Curiam.* We have no doubt of our power to set aside the satisfaction entered, as well where there is a clear *mistake*, as in a case of *fraud*. (*Wardell* v. *Eden*, 2 *Johns. Cases*, 121.) Here is a clear and acknowledged mistake of the clerk of this Court. We interfere, in such a case, to do that equity which the party would be entitled to, on application to the Court of Chancery. We, therefore, grant the *alternative* of the rule moved for; but with the *proviso*, that if the defendant shall pay to the plaintiffs the sum of 525 dollars, in thirty days after service of a copy of the rule, then satisfaction of the judgment shall stand, and no further proceedings be had on the part of the plaintiffs; and as this is like the case of a mistake of a judge at the circuit, the rule must be without costs.

As to the suggestion made by the defendant's counsel, that the original note was discounted by the plaintiffs at *six per cent.*; and that, therefore, they are not entitled to more than six per cent. in this suit; that circumstance does not deprive the plaintiffs of their right of recovering the legal rate of interest, or seven per cent., against the defendant, who had failed to perform his contract as endorser, or guarantee of the payment of the note.

Rule accordingly.