## HOTALING *a*. MARSH.

*Supreme Court, First District; General Term, March,* 1862.
*Again, at Special Term, March,* 1862.

ALLOWANCES.—FUND IN COURT.—EQUITABLE ALLOWANCE FOR
COUNSEL-FEES.—AMENDMENT OF JUDGMENT.

The cases in which allowances are provided for in section 308 of the Code, are
excluded from the operation of section 309 of the Code.
The power of courts of equity to grant counsel-fees out of a common fund belong-
ing to the parties to the action, as a part of the relief which should be given on
the final disposition of the cause, is not affected by the Code.
Provision, under the equitable power of the court, for the payment of counsel-
fees out of a common fund belonging to the parties in the action, can be made
only by the judge who tried the cause.

The mistakes which may be amended under section 173 of the Code, do not in-
clude judicial errors in rendering judgment.
In an action involving the construction of a will, the court have no power to
amend the judgment after it has been entered, by inserting an allowance to
certain of the parties, in addition to that given by § 308 of the Code, by way
of indemnity to the expenses of the suit.

I.—Appeal from an order granting an allowance in addition
to costs.

This was an action brought by Mary Hotaling and another,
against Harriet Anne Marsh and others, for the partition of
certain real property in the city of New York, devised by the
late Abel S. Peters to certain of the parties in this suit.

The defendant, Harriet N. Marsh, interposed an answer, set-
ting up that the will was void, or, if valid, that the construc-
tion of it set forth in the complaint was incorrect: the contro-
verted points arose only in relation to the validity and construc-
tion of the will.

The cause had been tried at special term, Mr. Justice Leonard
presiding, and judgment rendered establishing the validity of
the will, and sustaining the construction which plaintiffs claimed

for it, and directing a sale of the property, and providing for its distribution.

The plaintiffs subsequently moved, at chambers, for an allowance in addition to their costs, and in addition to the $60 to which they were entitled under section 308 of the Code. The motion was heard before Mr. Justice Clerke, who granted an allowance of different sums to various parties who had appeared in the action. His decision on that motion is given in Hotaling *a.* Marsh, 13 *Ante,* 297, *note.*

From this decision of Mr. Justice Clerke, the defendants, Harriet Anne Marsh and Mrs. Peters, took the present appeal.

*Andrew Boardman,* for the appellants.—I. Section 303 abolishes all costs and fees, except as provided for in the act. (6 *How. Pr.,* 11; Buchanan *a.* Morrell, 13 *Ib.,* 296; Gray *a.* Robjohn, 1 *Bosw.,* 618.) Section 306 places the costs of all parties in equity suits in the discretion of the court. Section 308 confines allowance in partition cases to the plaintiff, and limits it to $60.

II. When an allowance exceeds the prescribed percentage, it is the subject of an appeal. (Wilkinson *a.* Tiffany, 4 *Abbotts' Pr.,* 98.) We represent two-thirds of the property, and, of course, two-thirds of any allowances would come out of our shares.

*A. Underhill,* for the respondents.—I. In such a case, the costs are allowed out of the fund; and on the ground that the will of testator being so ambiguous as to render it proper for the executor to take the direction of the court, as to its meaning, the costs of the necessary parties to the litigation is a proper charge upon the estate. (King *a.* Strong, 9 *Paige,* 94, 100; Rogers *a.* Ross, 4 *Johns. Ch.,* 608; Pearson *a.* Pearson, 1 *Sch. & Lef.,* 10, 12; *Beames on Eq. Costs,* 13, 14; 2 *Williams on Executors,* 1745, 6, 7; 2 *Barb. Ch.,* 332.) And costs are so allowed out of the fund, by way of rendering the proper equitable relief in the cause, and are not mere personal costs. (Angell *a.* Davis, 4 *Mylne & Cr.,* 360, 6; Sawyer *a.* Baldwin, 20 *Pick.,* 378, 388; Jewett *a.* Woodward, 1 *Edw.,* 195, 200.) Thus guardians *ad litem,* in equity suits, where there is a fund under the control of the court, as in actions to foreclose a mortgage, are now constantly allowed their costs, although the fund may

not be large enough to pay the mortgage-debt, and the infant may have no interest in the fund at all. So, too, in Wilson *a.* Wilson (32 *Barb.*, 328), all parties were allowed the costs out of the fund, including those that were unsuccessful, and who did not recover. This case is exactly parallel with ours. Such costs are afforded as a part of the equitable relief in the cause, and not as mere personal costs. (2 *Barb. Ch.*, 328.)

II. So much are costs of this kind awarded by way of relief, and not as a personal recovery against the opposite party, that under the former practice they were not limited to the amount which a party has a right to tax against the opposite party on a recovery, but were increased, where the court deemed it proper to make the relief full, to such amount as the solicitor of the party to whom they were granted would be entitled to recover against his client. That is, costs are allowed in such case out of the fund, to be taxed as between solicitor and client, as the proper equitable relief in this behalf. (*Beames Eq. Costs*, 214, 216 ; 2 *Williams on Exec.*, 1745 ; Barker *a.* Wardley, 2 *M. & Keen*, 818 ; cited and approved, 2 *Barb. Ch.*, 338 ; Brodie *a.* Bolten, 3 *M. & Keen*, 168 ; Sutton *a.* Doggett, 3 *Beav.*, 9 ; Tostal *a.* Spicer, 4 *Sim.*, 510 ; 2 *Barb. Ch.*, 336–338 ; Jewett *a.* Woodward, 2 *Edw.*, 195, 200 ; Irving *a.* De Kay, 9 *Paige*, 521, 533.) It is only where there is a fund under the control of the court, that costs, as between solicitor and client, are given. (2 *Barb. Ch.*, 338.) And this also includes reasonable counsel-fees. (Irving *a.* De Kay, 9 *Paige*, 521, 533 ; Minuse *a.* Cox, 5 *Johns. Ch.*, 440, 451.)

III. Costs when adjudged as between solicitor and client, it should be observed, covered reasonable counsel-fees that the client may have been obliged to pay. (Irving *a.* De Kay, 9 *Paige*, 521, 533 ; Minuse *a.* Cox, 5 *Johns. Ch.*, 440, 451.) So obvious is the principle contended for here, when an executor or trustee is the party whose claims are addressed to the court, that the appellant here has not appealed from that part of the order granting costs to the executors. And note the position an executor would after be in, if the court repudiates the principle contended here. And the very party objecting here, is the one who caused these extra costs. The taxed costs here are immaterial. It might have all been put by way of allowance, as was done in Phelps *a.* Pond, the court graduating

the allowance by the amount of taxed costs. The percentage in section 308 is as much a part of the fixed costs, and outside of discretion, as any part of the fee-bill. There is no discretion about it.

By the Court.*—Leonard, J.—The allowances in this case were made under the authority of section ·309 of the Code; they are in addition to costs, as every allowance must be which is made under that section, and are not the allowances known in the late Court of Chancery.

The action is in part for the construction of a will. Allowances in such cases are provided for in section 308, and are excluded or excepted from the operation of section 309.

It is said that the authority to grant counsel-fees out of a common fund ·belonging to the parties to the action has been long exercised by courts of equity, and has not been interfered with ·by the Code.

Such a power has been recently exercised by the Court of Appeals in a similar case,† and we are not disposed to deny the justice or authority of the precedent.

The authority to grant such fees by a .court of equity, in proper cases, has usually been exercised by the chancellor or judge, while he was possessed of the cause ; and was embraced in the judgment as part of the relief or equity which ought to govern its final disposition. Had the allowances in this action been so made, we should be disposed to follow the precedent of the court of last resort, and not interfere with them in this case. They were not made, however, by the justice who heard the cause, as part of the judgment which was finally pronounced.

They do not constitute any part of the equitable disposition which the court made in settling the rights of the parties, but were made by another justice, and, as before observed, under the authority of the Code only.

The order making the allowances is reversed, without costs, and without prejudice to an application to the justice who tried the cause.

Ingraham, P. J.—I concur.

* Present, Ingraham, P. J., Clerke and Leonard, JJ.

† The case referred to is that of Phelps *a.* Pond, reported on another point, 23 *N. Y.*, 69.

II.—Motion to modify the judgment, and for an allowance.

The plaintiffs now moved, pursuant to leave, reserved in the foregoing decision of the general term, before Mr. Justice Leonard, who had tried the cause, to modify the judgment by inserting an allowance to certain of the parties by way of indemnity for their expenses incurred in the action.

*A. Underhill*, for the motion, relied upon the decision of the general term, and the points and authorities there presented by him.

*Andrew Boardman*, opposed.—I. The judgment in this case is enrolled and cannot be disturbed except on appeal or on a new trial granted on a proper application for that purpose, and for a cause recognized by the law as sufficient. This is not such an application, and if it were, no cause for a new trial is shown.

II. This is a partition-suit and nothing else. The fact that the shares and interests of the parties had to be ascertained by construing the will through which they derived title does not alter its character. It was a mere incident like the construction of a deed or any other instrument, but if it were a suit for such construction the statute as to costs is equally applicable.

III. Section 303 of the Code prevents any allowance such as is asked for. What words could the lawmakers have used to more effectually prohibit such fees as this motion asks for. The plaintiffs ask the court to construe a statute off the statute-book. (*Code*, § 303.)

IV. The idea that there is a fund in court under its charge which it may administer, has no foundation. To partition property among tenants in common is not a peculiar power of equity. The rights of the parties to their respective shares are legal rights. That there is any fund at all is a mere incident arising out of the property being so circumstanced as not to be conveniently capable of actual partition. The proceeds represent the shares of the parties, and no more constitute a fund in court than do the proceeds of an execution.

LEONARD, J.—Any mistake may be amended before or after judgment. (*Code*, § 173.)

The mistakes here referred to are not judicial errors in rendering judgment; those are to be corrected in another manner.

The amendment now asked for is one that relates to the relief granted by the court at the hearing of the cause, or rather to the omission to grant the whole relief which the case would permit.

In 19 *Johns.*, 244, the amount of the judgment was corrected after a satisfaction-piece had been filed, and a reassessment of damages was directed. It was effected, however, by opening the judgment and rehearing the case on assessment; not by an arbitrary alteration of the amount, without any authorized report or ascertaining of the sum due.

The amendment here asked for is not within the provision of the statute for that purpose.

If a judicial mistake has been made, it has sometimes been corrected by vacating the judgment and rehearing the case on the merits; as in case of surprise, newly discovered evidence, &c.

Such is not, however, the nature of the application here.

The application is denied without costs.