RUSSELL BRUSIE, RESPONDENT, *v.* PECK BROTHERS & CO., APPELLANT.

*Entry of judgment in an action to recover royalties — when only a general (not a limited) judgment can be entered.*

An action was brought by a patentee to recover royalties under a written contract, made with a foreign corporation, by which the latter acquired the right to manufacture and sell lawn sprinklers under the patent. The complaint demanded both legal and equitable relief. The case was sent from the Special Term to the circuit, where, upon the trial, no claim was made for equitable relief. The plaintiff recovered for royalties only. In entering judgment the plaintiff's attorney inserted therein clauses, the effect of which was to declare that the recovery embraced only claims for royalties which had accrued up to the time when the action was begun.

Upon a motion to strike these clauses from the judgment,

*Held,* that, as there was nothing before the clerk to justify their insertion, the clerk had power only to enter a general judgment; after having done which, his power was exhausted, and that said clauses must be stricken out.

APPEAL by the defendant, Peck Brothers & Co., from an order made at Special Term, and entered in the office of the clerk of the county of Kings on the 8th day of January, 1891, denying defendant's motion to strike out the words "thus limiting any recovery to claims arising prior to the commencement of the action;" and also the words "down to the time of the commencement of the action" in the judgment and *postea* in this action; and that said judgment and *postea* be so amended, and from each and every part of said order

The action was brought by one Russell Brusie, in order, among other things, to recover royalties under a written contract with Peck Brothers & Co., a corporation incorporated under the laws of Con-

necticut, by which it acquired the exclusive right to make, use and sell a lawn sprinkler. The complaint set up both legal and equitable grounds of action. It demanded an injunction; that said contract be annulled for fraud, and asked for damages and an accounting. The case was first noticed at Special Term, where the court, by order, sent the case to the circuit, where the jury rendered a verdict for the plaintiff for $7,674.02; and also answered one specific question submitted to them relating to the device or idea embodied in the lawn sprinkler. The verdict contained nothing else.

*Robert Sewell,* for the appellant.

*Robert L. Wensley,* for the respondent.

DYKMAN, J.:

When the plaintiff came to enter his judgment upon the verdict he obtained at the circuit, he did so in these words:

" The issues in this action having been sent by order from the Special Term to the circuit for trial [thus limiting any recovery to claims arising prior to the commencement of the action], and the issues having been tried at circuit, and a verdict having been rendered in plaintiff's favor, assessing his damages [down to the time of the commencement of this action] at $7,674.02, and the costs having been taxed at $1,521.59, now, on motion of Robert L. Wensley, plaintiff's attorney, it is

"Adjudged that plaintiff do have and recover of the defendant the sum of $7,674.02 as damages, and $1,521.59 costs, amounting, in all, to $9,195.61, and that plaintiff have execution therefor.

"WM. J. KAISER,
" *Clerk.*"

The defendant made a motion to strike out the words included above in brackets, and the motion was denied, and the defendant has appealed from the order.

We think the motion was erroneously denied; there was nothing before the clerk to justify the interpolation of the objectionable words. He had authority to enter a general judgment in favor of the plaintiff against the defendant, and then his power was exhausted.

His duties in making the entry were ministerial, and he could neither enlarge nor abridge the scope or operation of the judgment he was authorized to enter.

The order should be reversed, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs.

BARNARD, P. J., concurred; PRATT, J., not sitting.

Order denying motion to correct judgment and *postea* reversed, with costs and disbursements, and motion granted, with costs of motion.