(15 Misc. Rep. 366.)

### MITCHELL v. PIQUA CLUB ASS'N et al.

(Supreme Court, Special Term, New York County. November, 1895.)

ATTORNEY AND CLIENT—LIEN—VACATING SATISFACTION OF JUDGMENT.
    Where a judgment has been paid by a judgment debtor to the judgment creditor, who is insolvent, and satisfaction is entered after notice of the attorney's lien for services, the attorney is entitled to have the satisfaction vacated.

Motion by George A. Baker to cancel satisfactions of judgments on which he had a lien for services. Granted.

George A. Baker, for the motion.

BEEKMAN, J. It seems to me quite plain that the attorneys of record who assumed to collect the judgments and to execute satisfaction pieces therefor had no authority to do so. After the judgments were recovered, there was a consent given by them for the substitution of Mr. Baker as attorney for the judgment creditors, upon which an order to that effect was entered. I assumed that these consents were also signed by the judgment creditors themselves, in accordance with the practice in such cases. While it may be doubted whether any order of substitution was necessary, in view of the fact that the relation of attorney and client to a large extent ceases upon

the entry of the final judgment, the action which was thus taken certainly operated to revoke the authority which the attorneys of record theretofore possessed to satisfy the judgments upon payment under section 1260 of the Code of Civil Procedure. That section, while conferring such power for a period of two years after rendition of judgment, expressly provides that, where the authority has been revoked, a satisfaction by the attorney is not conclusive against the person entitled to enforce the judgment in respect to a person who had actual notice of the revocation before a payment on the judgment was made, or a purchase of property bound thereby was effected. In the cases before me the receiver had actual notice of the substitution, and therefore of the revocation of the authority of the former attorneys of record to receive the money and to satisfy the judgments. It follows, therefore, that the motion made to cancel the satisfactions of these judgments should be granted, unless the difference between the amount which the substituted attorney has actually received from the former attorneys of record and the amount due on the judgments, irrespective of such payments, is paid to the present attorney within a time which will be fixed in the order. In respect to the judgments rendered in the cases in which Mr. Baker was attorney of record, it is also clear that his lien for his fees has been disregarded. He gave notice of such lien to the receiver, and was therefore entitled to have it respected. In place of this the judgments in question were, without his knowledge, paid to the judgment creditor, who has satisfied the same. As the evidence shows that the latter is insolvent, the right of the attorney to have the satisfactions set aside seems clear, under the authority of the case of Telegram Co. v. Smith, 57 Hun, 176, 10 N. Y. Supp. 433. It will, therefore, be so ordered. If there is any question in respect to the amount of the attorney's lien, it may be settled by a reference. It is proper to say that no imputation of bad faith rests upon the receiver, but that his action in these matters was the result of inadvertence.

Motion granted, with $10 costs.