ELLEN IRVING CROSBY, as Executrix, etc., of RICHARD B. WHITTE-MORE, Deceased, Plaintiff, *v.* ARTHUR A. FOWLER and Another, Respondents, Impleaded with HENRY FITCH, JR., Defendant, and DANIEL SCHNAKENBERG and Others, as Executors, etc., of HENRY SCHAEFER, Deceased, Appellants.   (Appeals Nos. 1 and 2.)

ELLEN IRVING CROSBY, as Executrix, etc., of RICHARD B. WHITTE-MORE, Deceased, Appellant, *v.* ARTHUR A. FOWLER and Another, Respondents, Impleaded with HENRY FITCH, JR., and Others, Defendants.   (Appeals Nos. 3 and 4.)

First Department, February 3, 1928.

Contracts — construction — committee organized to safeguard rights of stockholders functioned from 1889 to 1925 — on conclusion of services, committee retained $150,000 as compensation — present action is to recover proportionate share alleged to be due testators of plaintiff — complaint alleges that sum was retained as compensation " for services rendered by all of the members of the committee "— complaint states cause of action.

A protective committee to safeguard the rights of the stockholders of a railway company was formed in 1889 and continued to function, with changes of personnel, until 1925.   Upon the conclusion of the services of the committee, the then members of the committee retained $150,000 as compensation.   The testators of the plaintiff were members of the committee at one time.   The complaint alleges that the respondents, as surviving members of the committee, and with the consent of the stockholders represented by the committee, retained $150,000 " as compensation for the services rendered by *all* of the members of the committee, including the deceased members.".   The purpose of the action is to recover the proportionate share alleged to be due the testators of the plaintiff.

Since the complaint alleges that the amount was retained as compensation for the services " rendered by *all* of the members of the committee, including the deceased members," it is capable of the construction that it was agreed between the respondents and the stockholders at the time the money was retained that the respondents were to retain the money for the benefit of the deceased members of the committee as well as themselves.

The complaint, therefore, states a cause of action, which, if proven, will entitle the executors of the deceased members to recover a proportionate share of the fund retained.

SEPARATE appeals by the defendants, Daniel Schnakenberg and others, from two orders of the Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of April, 1927.

Also separate appeals by the plaintiff from two orders of the

First Department, February, 1928.      [Vol. 222

Supreme Court, entered in the office of the clerk of the county of New York on the 21st day of April, 1927.

*Frank H. Sincerbeaux* of counsel [*Middlebrook & Sincerbeaux,* attorneys], for the appellants Schnakenberg, Middlebrook and Diercks.

*George C. Austin* of counsel [*Frank H. Sincerbeaux* with him on the brief; *Gleason, McLanahan, Merritt & Ingraham,* attorneys], for the plaintiff, appellant.

*William Mason Smith* of counsel [*Van Vorst, Siegel & Smith,* attorneys], for the respondent Arthur A. Fowler.

*Dudley F. Phelps,* for the respondent Russell H. Landale.

PROSKAUER, J. The testators of the plaintiff and the defendants, appellants, were at times members of a protective committee to safeguard the rights of the stockholders of the Houston and Texas Central Railway Company. Originally formed in 1889, the committee continued to function, with changes of personnel and under various supplemental agreements, until 1925. It then consisted of the respondents Fowler, Landale and Fitch. These gentlemen arranged finally for a sale of the stock intrusted to them and retained from the purchase price, with the consent of the stockholders, $150,000 as compensation for services. In this action it is sought to impress a trust upon this $150,000 for the benefit of the testators of the appellants who had ceased to function as members of the committee and who had died long prior to the completion of the committee's task.

The complaint and counterclaim which have been held invalid allege that the respondents " as surviving members of the committee, and with the consent of each stockholder represented by the committee, deducted and retained approximately the sum of $150,000 as compensation for the services rendered by all of the members of the committee, including the deceased members, under the aforesaid agreements, and that said defendants Fitch, Landale and Fowler received and hold said sum as fiduciaries for the benefit of all the said members, including plaintiff's testator, to the extent of the reasonable value of the services rendered by the said members respectively."

Our view of the substantive questions presented on this appeal renders it almost academic. The appellants concede the obviously correct statement of the law that the respondents had a right to arrange for compensation for themselves and owed no duty to prior members of the committee to safeguard their interests. On the other hand, the respondents concede the equally obvious proposi-

tion that if the agreement between the respondents and the stockholders provided that the sum of $150,000 was given to the respondents upon the understanding between them and the stockholders that it was to be apportioned among *all* members of the committee, present and past, the respondents would be under a trust obligation to account to the appellants for a proper share of the fund. The law of this case is that the appellants have no standing unless the retention of the $150,000 was agreed upon between the respondents and the stockholders to be for the benefit of the appellants as well as of the respondents. If this agreement was made, the appellants are entitled to an accounting; if it was not made, they are not entitled to an accounting. The question here, therefore, is narrowed to a determination whether the paragraph of the complaint above quoted sufficiently alleges the creation of such trust obligation. We are not here concerned with numerous circumstances which respondents urge tend to show the improbability of the appellants' claim, because we are dealing solely with a question of pleading. The complaint alleges that by agreement the $150,000 was retained " as compensation for the services rendered by *all* of the members of the committee, including the deceased members." The appellants must have the benefit on this appeal of every fair inference that may be drawn from that language. Viewing the complaint liberally, as we must, we think this somewhat inartificial language is fairly capable of the construction that it was agreed between the respondents and the stockholders that the respondents were to retain this money for the benefit of the appellants as well as of themselves. On the trial the burden will rest on the appellants to prove this allegation as thus interpreted.

The orders granting respondents' motions to dismiss the claims of the defendants, executors, should be reversed, with ten dollars costs and disbursements to the appellants, and said motions denied, with ten dollars costs.

The orders granting respondents' motions to dismiss the complaint should be reversed, with ten dollars costs and disbursements to the appellants, and said motions denied, with ten dollars costs, with leave to said defendants to answer upon payment of said costs.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

On each of first two appeals: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

On third appeal: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.

On last appeal: Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant Russell H. Landale to answer within twenty days from service of order upon payment of said costs.