ANNA MURMANN, as Administratrix of the Estate of GEORGE J. MURMANN, Deceased, Respondent, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

(Argued February 8, 1932; decided March 3, 1932.)

*E. R. Brumley* and *John M. Gibbons* for appellant. The defendant, under the law and practice of this State, was entitled to have the Special Term grant its motion to strike out interest on the verdict. (*Cleghorn* v. *Ocean Accident & Guarantee Corp.*, 244 N. Y. 166; *Michigan Cent. R. R. Co.* v. *Vreeland*, 227 U. S. 59; *Chesapeake & O. R. Co.* v. *Kuhn*, 76 L. Ed. 118; *Engel* v. *Davenport*, 271 U. S. 33; *New Orleans & N. E. R. R. Co.* v. *Harris*, 247 U. S. 367; *Chesapeake & Ohio Ry. Co.* v. *Kelly*, 241 U. S. 485; *Slater* v. *Mexican National R. R. Co.*, 194 U. S. 120; *Lauria* v. *Du Pont De Nemours & Co.*, 241 Fed. Rep. 687; *Gulf, C. & S. I. Ry.* v. *Moser*, 275 U. S. 133; *Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28; 153 N. Y. 688; *Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Frounfelker* v. *D., L. & W. R. R. Co.*, 73 App. Div. 350; *Norton* v. *Erie R. R. Co.*, 163 App. Div. 468; *Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. 603; 234 N. Y. 626; *Bennett* v. *Atchison, T. & S. F. Ry. Co.*, 187 Iowa, 897; *Grow* v. *Oregon Short Line R. Co.*, 47 Utah,

26; *Seaboard Air Line Ry.* v. *Kenney*, 240 U. S. 489; *Pacheco* v. *New York, N. H. & H. R. R. Co.*, 15 Fed. Rep. [2d] 467; *Louisville & Nashville R. R. Co.* v. *Stewart*, 241 U. S. 261; *Minneapolis & St. Louis R. R. Co.* v. *Bombolis*, 241 U. S. 211; *Missouri, Kansas & Texas Ry. Co.* v. *Harris*, 234 U. S. 412.)

*Charles D. Lewis, Thomas J. O'Neill* and *Leonard F. Fish* for respondent. The Federal Employers' Liability Act is not a foreign law, but part and parcel of the law of the State of New York, and, therefore, not subject to the same rules of enforcement and interpretation applicable to statutes of foreign countries or sister States. (*Claflin* v. *Houseman*, 93 U. S. 130; *Techt* v. *Hughes*, 229 N. Y. 222; *Douglas* v. *N. Y., N. H. & H. R. R. Co.*, 279 U. S. 377; *Savage* v. *Jones*, 225 U. S. 501.) The interest provision of section 132 of the Decedent Estate Law is applicable here because it is a procedural matter; not a qualification by local law or rule in derogation of the substantive rights and liabilities established by the Federal act, but merely the exercise of a wholly equitable and justifiable portion of the police power of the State of New York in relation to procedure intended by Congress to be left to the law and rules of the courts of the several States. (*Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59; *Louisville & Nashville R. R. Co.* v. *Stewart*, 241 U. S. 261; *Minneapolis & St. L. R. R. Co.* v. *Bombolis*, 241 U. S. 211; *Dickerson* v. *Stiles*, 246 U. S. 631; *Chesapeake & Ohio R. R. Co.* v. *Kelly*, 241 U. S. 483; *Central Vermont R. R. Co.* v. *White*, 238 U. S. 507; *Douglas* v. *N. Y., N. H. & H. R. R. Co.*, 279 U. S. 377; *Cooper* v. *N. Y., O. & W. R. Co.*, 25 App. Div. 383; *Slater* v. *Utica & Black River R. R. Co.*, 86 N. Y. 401; *Leitch* v. *Chesapeake & Ohio R. R. Co.*, 97 W. Va. 498; *Massachusetts Benefit Assn.* v. *Miles*, 137 U. S. 689.)

*Per Curiam.* In an action under the Federal Employers' Liability Act, the plaintiff, who is the widow of George J. Murmann and the administratrix of his estate, recovered a verdict for the damages resulting from his death. The damages were assessed by the jury in the sum of $15,000. Section 132 of the Decedent Estate Law (Cons. Laws, ch. 13) provides in substance that n an action under the State law to recover damages for death, interest from the time of death shall be computed by the clerk and added to the verdict. Under the supposed authority of that section, the verdict was increased by the sum of $5,916.55, and judgment entered accordingly. The Supreme Court on the defendant's motion modified the judgment by striking out the interest. The Appellate Division reversed, denied the defendant's motion, and reinstated the judgment as entered by the clerk.

We can discover no adequate basis for the allowance of the interest.

Section 132 of the Decedent Estate Law does not extend to actions brought under the Federal statute. The Legislature had no intention to make it reach so far. This is obvious, we think, both from the section itself, and from other related sections with which it must be read (§§ 130, 131). If, however, such an intention had existed, the courts would be unable to give effect to it. The Federal legislation covers the whole field, and the power of the States is not broad enough to change the assessment of the damages as determined by the verdict (*Chesapeake & Ohio Ry. Co.* v. *Kelly*, 241 U. S. 485, 491; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Moser*, 275 U. S. 133, 135; *Kiefer* v. *Grand Trunk Ry. Co.*, 12 App. Div. 28; 153 N. Y. 688; *Norton* v. *Erie R. R. Co.*, 163 App. Div. 468; *Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. 613; 234 N. Y. 626; *Chicago, M., St. P. & P. R. R. Co.* v. *Busby*, 41 Fed. Rep. [2d] 617).

Cases bearing upon the award of costs (*Missouri, K. & T. Ry. Co.* v. *Harris*, 234 U. S. 412, 421), or permitting

the addition of interest accruing after the verdict, but not before (*Massachusetts Benefit Assn.* v. *Miles*, 137 U. S. 689; *Leitch* v. *Chesapeake & Ohio Ry. Co.*, 97 W. Va. 498), are either indecisive or irrelevant.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court, and the question certified answered " yes."

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.