FLORENCE A. WILCOX, Plaintiff, *v.* RUSSELL S. CONTI and LAWRENCE CONTI, Defendants.

Supreme Court, Chautauqua County, May 20, 1940.

*Tuby L. Scarpino,* for the plaintiff.

*Samuel J. Conti [Allison P. Olson* of counsel], for the defendants.

LYTLE, J.    Section 16 of the Civil Rights Law provides that any person injured by any intoxicated person, or by reason of the intoxication of any person, shall have a right of action against the person supplying the liquor, if such supplying is unlawful.   Section 65 of the Alcoholic Beverage Control Law prohibits the sale, delivery or giving of any alcoholic beverages to any minor under eighteen years of age, to any intoxicated person or to any habitual drunkard.

This action is brought under the combined effect of these two laws.   The complaint alleges in substance that the plaintiff's husband was sold intoxicants by the defendants when he was already under the influence of liquor; that while said husband was intoxicated the sum of $517 was unlawfully taken from him, which money was to be used for the care, support and maintenance of the plaintiff. Wherefore plaintiff demands judgment for the sum of $517 and exemplary damages.

The defendants move to dismiss the complaint as failing to state a cause of action.   They contend that section 16 of the Civil Rights Law was passed to discourage the activities of " bootleggers " during the era of National prohibition, but was not intended to apply to the situation outlined in the complaint.   In support of this contention, the defendants call attention to the fact that said section 16 was added to our laws by chapter 157 of the Laws of 1921, effective April fourth of that year; that National prohibition was then in its earlier stages of enforcement or unenforcement.

However, while said section 16 was itself new when enacted, as a practical matter it constituted just another instance or example of the so-called Civil Damage Laws or Dram Shop Acts known to this and other jurisdictions for over sixty years.   Accordingly the argument that the present statute is to be construed as an expedient of the early 1920s does not seem particularly sound.   In fact, it has been held that neither the National Prohibition Act nor the Eighteenth Amendment to the Federal Constitution affected a State Dram Shop Act.   (*Spousta* v. *Berger,* 231 Ill. App. 454.)

The defendants take the position that section 16 of the Civil Rights Law should be strictly construed and given application to only such facts as are expressly embraced within its terms.   The more widely accepted rule appears to be that these Dram Shop Acts created an entirely new remedy unknown at common law, which remedy is penal in character and should be strictly construed.   (33 C. J. 637.)   However, the rule in this State is that such statutes are remedial in character, and while they should not be

enlarged, they should be interpreted, where the language is clear and explicit, according to their true intent and meaning, having in view the evil to be remedied and the object to be attained. (*Mead* v. *Stratton*, 87 N. Y. 493.)

The most serious question raised by the defendants upon this motion has to do with the degree of causal connection between the intoxicated condition of the plaintiff's husband and the taking of money from his possession. It has been held that in the case of an intoxicated suicide, it was unnecessary to inquire whether the suicide was the natural, reasonable or probable consequence of the supplying of the liquor, it being enough if the act was committed during intoxication caused in whole or in part by liquor supplied by the defendant, and if by reason of the suicide, the plaintiff's means of support was affected. (*Neu* v. *McKechnie*, 95 N. Y. 632.) The General Term, Fourth Department, in affirming a judgment for the plaintiff under a similar statute, stated in *McCarty* v. *Wells* (51 Hun, 171, 174): " The statute under which this action is brought makes no distinction between cases in which the loss of the means of support is the direct result of the intoxication and those in which it is the remote result thereof. It only requires that it should be established that the loss of the means of support is the result of such intoxication."

It should be remembered that upon applications of this kind there are before the court no facts, as such. All the allegations in the complaint are deemed to be true and every fair intendment of the language employed is accorded to the pleader. (Civ. Prac. Act, § 275; *Crosby* v. *Fowler*, 222 App. Div. 619, 621.) The complaint does not allege that the money was taken from the possession of the plaintiff's husband as a result of his intoxication; it alleges that while he was intoxicated and upon the premises of the defendant, said money was unlawfully taken. Giving the pleading the benefit of the rule with respect to inferences and in the light of the above decisions regarding the requirement of causation, the court holds that the complaint states facts sufficient to constitute a cause of action, and the motion is denied, without costs.

Prepare and submit an order accordingly.