VERA M. DOWLING, Individually and as Administratrix of the Estate of EDWARD J. DOWLING, Deceased, Plaintiff, *v.* F. HORST STEPHAN, Defendant.

Supreme Court, Special Term, Kings County, September 10, 1954.

*Garvey & Conway* for defendant.

*Alfred S. Julien* for plaintiff.

OLLIFFE, J. The instant proceeding is a unique situation of error compounded upon error. Defendant was insured under a liability policy, which limited the liability of the insurance company to $5,000. The insurance company paid the sum of $16,400.75 in satisfaction of the judgment entered in the action. The defendant moves to resettle the judgment so as to strike therefrom the sum of $4,200 allowed as interest.

The judgment arose out of an action brought by plaintiff wherein she alleged, as administratrix of the estate of her husband, causes of action based on negligence and nuisance resulting in the death of her husband; and, in her own behalf, a cause of action based upon the violation of section 65 of the Alcoholic Beverage Control Law and section 16 of the Civil Rights Law. The jury rendered a verdict with respect to the actions based on negligence and nuisance in favor of the defendant but awarded the plaintiff the sum of $12,000 for her action based on the violation of the Alcoholic Beverage Control Law and the Civil Rights Law. Thereafter a judgment was entered in the sum of $16,400.75, representing the verdict of $12,000, $200.75 costs and disbursements, and $4,200 interest as allowed by the County Clerk. A copy of the judgment was forwarded to the plaintiff's attorney and the plaintiff was advised that a draft in payment would be issued on receipt of a satisfaction of judgment. The satisfaction was forwarded to the defendant's attorney and a draft payable to the plaintiff, as administratrix, and to her counsel was subsequently forwarded. The satis-

faction was filed and the judgment was cancelled and discharged of record and the proceeds of the draft were disbursed by the plaintiff. In the course of events, the insurance carrier that paid the entire judgment for the defendant discovered that the maximum coverage that the defendant had was $5,000. Further investigation revealed to the insurance carrier that the draft was made payable to the plaintiff, as administratrix, whereas the judgment was in favor of the plaintiff in her individual capacity. In addition thereto, the defendant realized that since the judgment was in plaintiff's individual capacity, she was not entitled to interest on the judgment as in an action for wrongful death. Thus, a petition was filed in the Surrogate's Court by the insurance carrier to recover from the plaintiff, as administratrix, and her attorney the $16,400.75 paid to them through inadvertence and mistake of fact. Thereafter, this motion was made to resettle the judgment.

We thus encounter the first question for consideration — whether the proceedings in the Surrogate's Court constitute a waiver and bar to the present application. In my opinion, they do not. The proceedings in the Surrogate's Court concern strangers to the action in this court. It cannot be said that the independent action of the defendant's insurance carrier against the plaintiff, as administratrix, constitutes an action by the defendant herein against the plaintiff in her individual capacity. In any event, the Surrogate's Court would have no jurisdiction to amend a judgment entered as a result of a verdict of this court (see Surrogate's Ct. Act, §§ 20, 40) and should the insurance carrier be successful in its proceeding, the judgment therein would not affect the judgment herein since the defendant would still be liable in the amount of the judgment. Conversely, should the insurance carrier be unsuccessful, the judgment therein would not be a bar to a cause of action for the recovery of the $4,200 paid, as it is claimed, erroneously.

The gravamen of the motion is thus approached — is the defendant entitled to have the judgment resettled? As it was previously stated, the recovery of the judgment was based upon a violation of section 65 of the Alcoholic Beverage Control Law and section 16 of the Civil Rights Law which creates the right of recovery. The statute which creates the right of recovery is the exclusive source and boundary of the liability and the remedy (*Travelers Ins. Co. v. Padula Co.*, 224 N. Y. 397). The meaning and intent of section 16 is manifestly clear and certain through its language. The section reveals and expresses the

legislative intention, among other things, that a wife or child, who is injured in any manner by reason of the intoxication of the husband or father, may recover actual and exemplary damages from such person, who by unlawfully selling or unlawfully assisting in procuring liquor for the intoxicated person, caused or contributed to such intoxication; and in the event of death of the intoxicated person the right of action will survive and the amount recovered will be for the sole benefit of the wife or child. It is thus evident that this section creates a cause of action for the wife and child independent of and not created by section 130 of the Decedent Estate Law for a negligently caused death. Interest, therefore, could not be added to the verdict as provided for in the Decedent Estate Law (§ 132), nor could it be added under section 16 of the Civil Rights Law since there is no provision in the enactment for adding interest to such a verdict. Section 16 is remedial in character and its true intended meaning should not be enlarged (*Wilcox* v. *Conti,* 174 Misc. 230). Had the Legislature intended that interest should be allowed, it would have so provided in the same fashion as it had provided for exemplary damages.

Section 480 of the Civil Practice Act, insofar as material, provides as follows: '' In every action wherein any sum of money shall be awarded by verdict, report or decision upon a cause of action for the enforcement of or based upon breach of performance of a contract, express or implied, interest shall be recovered upon the principal sum whether theretofore liquidated or unliquidated and shall be added to and be a part of the total sum awarded.''

Section 481 of the Civil Practice Act provides as follows: '' A judgment for a sum of money rendered in a court of record or not of record, or a judgment rendered in a court of record directing the payment of money, bears interest from the time when it is entered. But where a judgment directs that money paid out shall be refunded or repaid, the direction includes interest from the time when the money was paid, unless the contrary is expressed.''

Neither of the foregoing sections of the Civil Practice Act authorizes the allowance of the interest made herein.

Even in actions for wrongful death brought under the Federal Employers' Liability Act the courts of New York have refused to award interest on the theory that the verdict rests solely upon the claim arising under the Act (*Norton* v. *Erie R. R. Co.,* 163 App. Div. 468; *Murmann* v. *New York, New Haven & Hartford R. R. Co.,* 258 N. Y. 447).

Interest is not recoverable on unliquidated demands at common law (*Chambers* v. *Boyd,* 116 App. Div. 208; *Dykman* v. *City of New York,* 183 App. Div. 859).

The court has been unable to discover a single authority where interest from the date of the accident was awarded in a personal injury action. The complaint herein did not request interest and the jury in its verdict made no provision for the allowance of interest.

The cases cited by the plaintiff (*Weprin & Glass Bldg. Corp.* v. *Rosoff Subway Constr. Co.,* 269 N. Y. 672; *Sciaky* v. *Rodgers & Hagerty,* 277 N. Y. 483), where interest was allowed on a judgment, are not applicable. These cases involved destruction of a property right which is not similar to the right which is a creature of section 16 of the Civil Rights Law. Nor are the cases cited respecting interest in actions for fraud and duress applicable. The recovery of interest in such cases is an incident of liability arising from the violation of a contractual obligation, which is not present here. Accordingly, it is my opinion that the clerk erred in allowing interest on the judgment. However, the question now arises whether or not this error may be corrected.

While the courts have no power to correct by amendment an error in substance affecting the judgment (*People ex rel. Hirschberg* v. *Orange Co. Court,* 271 N. Y. 151; *Heath* v. *New York Bldg. Loan Bank. Co.,* 146 N. Y. 260; *Herpe* v. *Herpe,* 225 N. Y. 323), the courts have power to correct clerical errors in entering a judgment and to make the entry conform to the judgment actually rendered. It is immaterial in what the inaccuracy consists for the power of the court to correct so that it shall express correctly the judgment rendered. This power is inherent with the court so that it may prevent a perversion of justice (*Bohlen* v. *Metropolitan Elevated R. R. Co.,* 121 N. Y. 546, and cases cited therein). Thus, if the inclusion of interest in the judgment was a clerical error, the judgment may be amended, but if it was a judicial error, it may not be corrected.

There is a clear distinction between rendering a judgment and entering one; the former is a judicial act of the court, the latter the ministerial act of the clerk (*Sabine Hardwood Co.* v. *West Lbr. Co.,* 238 F. 611). The entry of the judgment is per se not the judgment but rather the evidence of it and if the record does not truly represent the judgment, it is erroneous and open to correction (*Matter of Munro,* 15 Abb. Prac. 363). The clerk is a mere ministerial officer and without authority to

enter a judgment the court did not render (*Brusie* v. *Peck Bros. & Co.*, 62 Hun 248). So if the court had power and discretion to award interest to the successful litigant against his defeated adversary or to withhold it, at will, the allowance or denial of interest is a judicial act and cannot, even when the court made a mistake, be amended by the court. If, however, the litigant by law is entitled to interest as a matter of right and it is not allowed to him in the judgment, the error in that regard is a clerical one which is open to correction. Conversely, if the litigant is not entitled to interest, and interest is erroneously allowed by the clerk in the entry of the judgment, that allowance of interest is a clerical error and is subject to correction.

Here, the verdict of the jury was for $12,000 with no provision made for interest. Had the trial court added interest to the verdict, it would have been, in accordance with the reasoning above set forth, error, however not subject to amendment by motion but remedial only by appeal. And in accordance with the court's reasoning, since the plaintiff was not entitled to interest as a matter of right, the allowance of it on the entry of judgment must be deemed a clerical error and thus subject to correction.

It is the plaintiff's contention that since the defendant's time to appeal has expired, the defendant may not come before this court, upon motion to resettle the judgment. Without deciding the merits of the plaintiff's contention that the defendant's time to appeal has expired, in my opinion, the position of the plaintiff cannot be maintained. As was said in *Corn Exch. Bank* v. *Blye* (119 N. Y. 414, 417): " We think the decisions are uniformly to the effect, that when an error has been made in respect to the form of the judgment, by which its scope or amount has been enlarged or increased beyond that plainly authorized by a verdict, referee's report or decision of a court, a question is not presented for the consideration of the court on appeal; but the error must be corrected, if at all, by motion in the court of original jurisdiction.''

Issue has been raised as to the power of the court to now correct a judgment which had been rendered at a term which had expired. In *Fels* v. *Continental Container Corp.* (47 N. Y. S. 2d 33), the court wrote at page 35: " It seems, therefore, that both departments agree that since the amendment the ending of the term at which the verdict was rendered is not important.'' (See, also, *Mulroy* v. *Sessions*, 38 N. Y. S. 2d 853.)

The last question that appears necessary to decide is whether the satisfaction of the judgment has removed from this court

the power to correct or amend the judgment. In my opinion, it has not. In *Mechanics' Bank* v. *Minthorne* (19 Johns. 244), the clerk of the court erred in the computation of interest. The plaintiff's attorney, without observing the mistake, entered judgment thereon and upon receiving payment of the judgment as entered acknowledged satisfaction of it. On discovering the error, the court allowed the opening of the judgment and satisfaction by adding to the recovery. In *Hatch* v. *Central Nat. Bank* (78 N. Y. 487), the court in allowing a judgment to be vacated after satisfaction said of the *Minthorne* case (p. 490): "These (and there are many other) cases show the power of the court over its own judgments, and its habit to exercise it in aid of justice. It is an inherent power". (See, also, *Dundee Nat. Bank* v. *Wood,* 56 Hun 643, opinion in 9 N. Y. S. 351; *Neier* v. *Droesch Realty Corp.,* 232 App. Div. 534, affd. 257 N. Y. 550, and *Mitchell* v. *Piqua Club Assn.,* 15 Misc. 366.)

Accordingly, the motion is granted. The plaintiff will not be prejudiced by correction of the judgment with respect to her right to appeal the negligence and nuisance actions. The plaintiff's time to appeal will not commence to run until the entry of the corrected judgment and its service with notice of entry. Settle order on notice.