Jambs S. Brown, J.
In an action brought in this court under the Florida death statute, defendants move for an order correcting and amending the amount of the judgment entered by eliminating therefrom interest upon the award.
After trial before an Official Referee plaintiff was awarded $40,000 for the death and $2,000 for personal injuries. Upon the mistaken assumption by all the parties that section 132 of the New York State Decedent Estate Law providing for interest in death actions applied, the County Clerk in entering judgment on October 25, 1957 computed interest on the $40,000 award from the date of decedent’s death.
That section provides that “When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent’s death, and include it in the judgment.”
However, since the accident in which plaintiff’s intestate was fatally injured occurred in Florida, the laws of that State apply (Metcalf v. Reynolds, 267 N. Y. 52). “The plaintiff having elected to bring her action in our courts, the course of procedure *105 prescribed by the practice of the courts of the lex fori is of course to govern; but her right of recovery, whether of damages or interest, rests exclusively upon the statutory law of the foreign jurisdiction. (Kiefer v. Grand Trunk Ry. Co., 12 App. Div. 28; affd. 153 N. Y. 688.) ” (See, also, Frounfelker v. Delaware, Lackawanna & Western R. R. Co., 73 App. Div. 350, 351.)
Under the common law of Florida the decisions hold that ‘ ‘ In tort actions interest runs from the judgment, ’ ’ and not from the accrual of the cause of action. (Skinner v. Ochiltree, 148 Fla. 705.) Since the pertinent Florida death statutes, pleaded in the complaint, make no provision for the allowance of interest from the date of death, the common-law rule allowing interest in tort actions in Florida from the date of judgment applies.
Entry of a judgment is the ministerial act of signing and * filing a statement of the pronouncement of the court, thus spreading it upon the record. (Lent v. New York & Mass. Ry. Co., 130 N. Y. 504.) Where the entry of a judgment does not conform with the original decree of award of the court, it ‘ ‘ may be made to do so at any time, on discovery of omission or error, nunc pro tunc.” (Munro’s Estate, 15 Abb. Prac. 363, 366.) The clerk is without authority to enter a judgment which the court did not render. “ His duties in making the entry were ministerial, and he could neither enlarge nor abridge the scope or operation of the judgment he was authorized to enter ” (Brusie v. Peck Bros. & Co., 62 Hun 248, 250). The verdict of the court here was for a specific sum of money and no mention of interest was made by the Referee. Since it was not the court’s decision to allow plaintiff interest from the date of death, the clerk in the exercise of his ministerial function had no authority to include interest where none was expressly warranted by law.
Where a jury verdict in a death action brought under the Federal Employers’ Liability Act was increased by the allowance of interest from the date of death upon the supposed authority of this same section 132, our Court of Appeals held that it was proper for the Supreme Court at Special Term to strike out the interest. (Murmann v. New York, New Haven & Hartford R. R. Co., 258 N. Y. 447.)
In granting this motion to strike out the interest, the court does not “ change the judgment in matter of substance for error committed on the trial or in the decision ” (Herpe v. Herpe, 225 N. Y. 323, 327), but rather seeks to have the judgment entered in conformity with the decision of the trial court so as to give full legal effect to the court’s finding.
*106 The inclusion of interest herein by the clerk was an error and therefore subject to correction by the court (Dowling v. Stephan, 206 Misc. 518).
Plaintiff’s contention that the addition of the interest to the judgment influenced plaintiff so that she refrained from appealing from a judgment she considered inadequate cannot alter this result.
Motion granted. Settle order on notice.