PAUL MARC, Plaintiff, *v.* MACEO PINKARD and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, September 21, 1928.

■■    ■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■■■
■■■■■■■■■■■■■

*Steinberg, Levin & Gabriel,* for the plaintiff.

*Abner Greenberg,* for the defendants.

SULZBERGER, J. This action was for services rendered and materials furnished by plaintiff to the defendants as copartners. All of the defendants appeared in the action by an attorney. By their answer they admitted that they were copartners, except that it is denied that the defendant Pinkard was a copartner at the time of the commencement of the action. The denial is frivolous. None of the defendants appeared at the trial, an inquest was taken, and judgment was entered thereon on December 20, 1927. The judgment is against " the defendant Perry W. Cheney et al." It is based on a decision which directs judgment against the " defendant," without specifying which defendant was intended. The defendant Pinkard heretofore moved to strike out the words " et al." This motion was denied. All of the defendants moved to open their default. This motion was granted on condition that they furnish a bond to secure the payment of any judgment which might be rendered in the action. Defendants failed to comply with this condition, and appealed from the order in so far as it imposed the aforesaid condition. The order was affirmed by the Appellate Term.

The attorney who filed an answer for all of the defendants moved to strike out the appearance and answer filed on behalf of the defendant Pinkard, but his motion was denied.

An order was entered in supplementary proceedings punishing defendant Pinkard for contempt, and an appeal from said order is now pending undetermined in the Appellate Term. Defendant Pinkard has moved for a reargument of the motion to punish him for contempt on the ground that the judgment upon which the supplementary proceedings are based is a nullity.

Plaintiff now moves for an order correcting the judgment entered herein, and amending the same, *nunc pro tunc*, as of the 20th day of December, 1927, so as to specifically name each of the defendants.

The denial of defendant Pinkard's motion to strike out the words " et al." is of no significance in its relation to the present motion. I assume that the ground of denial was that the relief demanded on that motion was and is entirely unnecessary. A determination

of this motion is not affected by the fact that the defendants' default must stand. While I am inclined to the view that Mr. Hall, the attorney who filed an appearance and answer for all of the defendants, was without authority to do so as far as the defendant Pinkard is concerned, and while the defendant Pinkard is not bound by the denial of the application made by the attorney, nevertheless I prefer to determine this motion on other grounds.

The clerk of the court is a mere ministerial officer, who can only act upon the direction of the court, and must find authority in the decision in order to enter judgment. Hence the judgment must follow precisely the direction in the decision. (*Porter* v. *International Bridge Co.*, 200 N. Y. 234; *Brown* v. *McKie*, 185 id. 303.) Under the authorities, I must hold both the decision and the judgment based thereon fatally defective. (*Goldberg* v. *Markowitz*, 94 App. Div. 237; *Winokur* v. *Federman*, 183 N. Y. Supp. 41.) In the absence of any cross-motion, I confine myself to a denial of plaintiff's motion.

Motion denied.