■ In the Matter of RICHARD C. MCKENNA, Appellant-Respondent, v COUNTY OF NASSAU, OFFICE OF THE COUNTY ATTORNEY, Respondent-Appellant. — In a proceeding to, *inter alia,* vacate a judgment entered on an arbitrator's award, petitioner appeals from so much of an order of the Supreme Court, Nassau County (McGinity, J.), entered July 20, 1982, as granted the County of Nassau's motion to modify a judgment of the same court, entered April 30, 1981, confirming an arbitrator's award, and the County of Nassau cross-appeals, as limited by its notice of appeal and its brief, from so much of that order as awarded simple interest on the arbitrator's award at the rate of 2% per month. Order modified, on the law, by deleting from the second and fourth decretal paragraphs the word "simple" and substituting therefore the word "compound". As so modified, order affirmed, insofar as appealed from, with costs to petitioner. On the record before us, we believe that Special Term erred in modifying the award of interest contained in the judgment to limit the same to simple interest of 2% per month. Underlying the no-fault legislation are policies favoring the prompt payment of claims regardless of fault and a reduction in litigation (see *Matter of Simmons [Government Employees Ins. Co.],* 59 AD2d 468, 473). Consistent with those policies, subdivision 1 of section 675 of the Insurance Law provides that where an unpaid claim of first-party benefits is overdue, as here, such "overdue [payment] shall bear interest at the rate of two percent per month." Pursuant to the authority vested in him by section 21 of the Insurance Law, the Superintendent of Insurance promulgated 11 NYCRR 65.15 (g) (1), which provides that such overdue payments "shall bear interest at a rate of two percent per month, *compounded* and calculated on a *pro rata* basis using a 30-day month" (emphasis supplied). Hence, contrary to Special Term's finding, the arbitrator's award of compound interest at the rate of 2% per month was proper. Further, we do not believe that section 3-a of the General Municipal Law relieves municipalities from paying interest of 2% a month on overdue no-fault payments. We have considered the remaining contentions of the parties and find them to have no merit. Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.

■ In the Matter of RICHARD METZNER, Petitioner, v DONALD DILWORTH, as Commissioner of Police of the County of Suffolk, Respondent. — Determination of respondent dated July 12, 1982, confirmed and proceeding dismissed on the merits, without costs or disbursements (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.