■ In the Matter of the Arbitration between JOHN CLIFFORD, JR., Respondent, and HARRISON J. GOLDIN, as Comptroller of the City of New York, et al., Appellants.—Judgment (denominated an order) of the Supreme Court, New York County (Paul P. E. Bookson, J.), entered on December 29, 1983, which granted the petition to the extent of remanding the matter to the arbitrator for the limited purpose of fixing interest, is modified, on the law and facts, to the extent of remanding to Supreme Court for the calculation of interest due petitioner in accordance with the decision herein, and otherwise affirmed, without costs or disbursements.

Petitioner Clifford, a New York City police officer, was injured in the line of duty, apparently in a motor vehicle accident. His claim for no-fault benefits from the city owner of the vehicle was denied and thereafter he proceeded to compulsory arbitration.

In an opinion and award dated October 23, 1981, the arbitrator ultimately upheld petitioner's claim. In his opinion, the arbitrator "awarded" lost earnings of $25,545, plus interest, reimbursement of medical and pharmacy bills, traveling and parking expenses and four semesters of law school tuition and book expenses already incurred (as vocational rehabilitation) for a subtotal of $9,040 (without any mention of interest) and a $5,000 legal fee, with claimant granted the right to make additional claims for future tuition and travel expenses. The arbitrator's award directed respondent to pay $34,585 to claimant and $5,000 to claimant's attorney. The line of the standard form providing for 2% per month interest was crossed out by typewritten "x's".

The city moved to vacate the award. Petitioner did not cross-move with respect to the omission of interest in the award. Special Term denied the city's motion and dismissed the petition to vacate and confirmed the arbitrator's award. Thereafter, by three separate checks, the city paid petitioner the $34,585 and his attorney the $5,000 as provided by the arbitrator's award. The parties then pursued settlement discussions as to petitioner's claim for interest.

Petitioner then commenced this CPLR article 78 proceeding, claiming that the New York State No-Fault Law (Insurance Law art 51) provided 2% per month interest on all overdue claims, not only on the lost earnings portion, as has been maintained by respondents in settlement discussions and as found by the arbitrator.

Respondents cross-moved to dismiss the petition, with reser-

vation of the right under CPLR 7804 (f) to serve and file an answer if there motion was denied. The motion to dismiss was based solely on the ground respondents had not made any final determination as to interest reviewable by the court in an article 78 proceeding and, in fact, were still considering the matter. As to the merits, respondents explicitly conceded there was an obligation to pay interest to petitioner on the arbitration award and merely maintained that the determination of the amount of interest involved complex and lengthy calculations.

Special Term, without elaboration, granted the petition to the extent of remanding the matter to the arbitrator for the limited purpose of fixing interest.

It fully appears from the arbitrator's opinion and award that the arbitrator granted petitioner interest on the lost earnings, amounting to approximately $25,000 out of the $35,000 base amount. The award simply failed to include a calculation of such interest. It seems significant to emphasize that the city has always acknowledged that interest is due and, indeed, on the prior proceeding no question was raised by the city with respect to that issue. As to the remaining items —including tuition, medical bills and transportation—while the arbitrator denied interest, it may well be that this denial was due to his uncertainty as to when each of these claims arose, which would make for differences in the amount of the interest due on the various claims. In any event, this would be a patent error of law on the part of the arbitrator. Pursuant to Insurance Law § 675 (1) (now § 5106 [a]), all overdue items are computed with 2% per month interest. Such error of law on the part of the arbitrator is subject to correction under a standard of lack of rational basis in cases such as this involving *compulsory* arbitration *(see, Matter of St. Mary's Hosp. v Catherwood,* 26 NY2d 493; *Matter of Furstenberg [Aetna Cas. & Sur. Co.—Allstate Ins. Co.],* 49 NY2d 757; *Matter of McKenna v County of Nassau,* 61 NY2d 739).

In the prior proceeding, when the city moved to vacate the arbitration award, petitioner herein did not move to modify the award to correct the arbitrator's error. Consequently, the prior order of the Supreme Court confirming the arbitration award does bar any award of the interest on non-loss of income claims as res judicata. Interest on the loss of income claim was awarded by the arbitrator and thus res judicata would be no bar to this claim. The only remaining issue with regard to such interest is the amount, and we remand to

Supreme Court for its computation. Concur—Sandler, J. P., Asch, Kassal and Ellerin, JJ.