AETNA CASUALTY & SURETY COMPANY, Petitioner, v WHITE-STONE GENERAL HOSPITAL et al., Respondents.

Supreme Court, New York County, December 8, 1988

### APPEARANCES OF COUNSEL

*Bruce Somerstein & Associates, P. C.,* for petitioner. *Mardon R. Israel* and *Robert Nizewitz* for Whitestone General Hospital, respondent.

### OPINION OF THE COURT

ISRAEL RUBIN, J.

By way of an order to show cause, petitioner moves to resettle a judgment dated October 22, 1979. Respondent cross-

moves to include interest pursuant to article 51 of the Insurance Law on overdue benefits and pursuant to CPLR 5002 on the remainder of the judgment.

Petitioner's pleadings do not disclose whether this is a case which, as it were, fell behind the filing cabinet, but it is certain that petitioner, to its dismay, has discovered the magic of compound interest.

In a petition dated September 7, 1979, petitioner sought to vacate an arbitration award rendered on May 25, 1979 in favor of respondent Whitestone General Hospital (the Hospital). The arbitrator found that the Hospital's assignor, one Jose Lopez Vasquez, was insured by petitioner at the time of the accident. The arbitrator therefore awarded the Hospital $1,271.50 in no-fault benefits together with interest "at the rate of two percent per month, compounded, from January 2, 1978 to date of payment," plus $1,250 as an attorney's fee and $25 for the administrative fee payable to the American Arbitration Association. On September 20, 1979, the court (Helman, J.) issued an opinion denying the motion and confirming the award.

The instant application to resettle the judgment was prompted by a demand for payment of the award from the Hospital's attorney, dated March 28, 1988. The letter indicates that, as of that date, the interest due on the $1,271.50 in no-fault benefits amounted to $13,414.33.

Petitioner maintains that judgment was never entered and that the Hospital is demanding satisfaction of a "non-existent judgment." The pleadings point out that the clerk did not compute the amount of interest due and that the file jacket is marked "Unfiled Judgment". It is asserted that the Hospital is "estopped from seeking recovery of 'pre-judgment' interest upon a 'judgment' it neither entered nor filed, in an apparent effort to convert a $1,271.50 arbitration award into a $15,000.00 windfall." Petitioner's application seeks two alternative forms of relief: "Resettling the 1979 Order and Judgment to provide for appropriate pre-judgment interest from January 2, 1978 to October 31, 1979; alternatively, determining both the appropriate interest rate for, and dates for the running of, pre-judgment interest".

■ Petitioner's contention that the judgment was never entered is without merit. Annexed to the petition is a copy of the judgment which is dated October 22, 1979 and signed by Justice Nathaniel Helman (who is no longer a sitting Judge).

The judgment was duly received by the County Clerk the day after it was signed, as evidenced by the date stamp on its face. However, for whatever reason, the clerk neglected to compute the amount of interest or the total amount of the judgment, leaving the spaces provided for these amounts blank.

Under our procedural statute, a judgment is not impaired by "any mistake, defect or irregularity in the * * * procedures in the action not affecting a substantial right of a party", and such mistake, defect or irregularity may be cured by the court (CPLR 5019 [a]). Among the clerical errors encompassed by CPLR 5019 is the computation of interest (Dowling v Stephan, 206 Misc 518). Especially here, where the amount due is a simple matter of computation, the judgment is subject to amendment. The matter at bar is a straightforward instance of a clerical oversight or omission: It is not a case involving a judicial error so as to require correction by way of a motion to vacate (CPLR 5015) or an appeal (First Natl. City Bank v Elsky, 62 Misc 2d 880).

Petitioner contends that it has been prejudiced by the alleged failure to enter judgment in that it remains liable for payment of interest on the amount awarded at the rate of 2% per month. Petitioner's inference is that, if judgment had been properly and timely entered, it would be liable for interest at the statutory rate of 9% per annum (CPLR 5003, 5004) and not at the rate of 2% per month as provided for in the Insurance Law (§ 5106).

■ Petitioner misapprehends the scope of the interest provision of the Insurance Law. The fair claims settlement provisions of the statute supersede the interest provisions contained in CPLR 5002, 5003 and 5004 (Matter of Government Employees Ins. Co. [Lombino], 57 AD2d 957 [2d Dept 1977]; see also, Matter of Clifford [Goldin], 119 AD2d 443 [1st Dept 1986]). The policies of encouraging prompt payment of claims and reducing litigation outweigh limits on interest found elsewhere, including section 3-a of the General Municipal Law (Matter of McKenna v County of Nassau, Off. of County Attorney, 97 AD2d 440 [2d Dept 1983]). Therefore, whether judgment is entered or not has no effect on the rate at which interest accrues.

■ Petitioner also contends that the striking of language in the judgment providing for interest at 2% "up to and including the date of payment" and substitution of the language "in the sum of $     " indicates an intention by the court to limit

interest at the 2% rate to the period prior to entry of judgment. Petitioner, however, is reading far more into this modification than is warranted. Even with the change in language, the judgment is merely silent as to the rate of interest which will accrue after entry. Section 5106 of the Insurance Law remains controlling. The judgment, incomplete as it is, can hardly be said to be res judicata on the subject of postjudgment interest so as to bar an amendment to remedy the omission *(Matter of Clifford [Goldin], supra).*

■ Petitioner also cannot claim unfair surprise that the Hospital is attempting to enforce the judgment at this time. It must be noted that a judgment remains valid for 20 years (CPLR 211). Petitioner participated in the arbitration proceeding, subsequently moving to vacate the award. The court file reveals that a copy of the proposed judgment in that proceeding was served by mail upon counsel for petitioner on October 4, 1979. Petitioner, therefore, had ample notice of its obligation, but nevertheless neglected to pay the amount stated in the arbitrator's award. Pursuant to the plain meaning of Insurance Law § 5106, petitioner now must pay interest at the rate of 2% per month on this "overdue" amount. Had petitioner wished to stop the accrual of interest, it had merely to make the prescribed payment.

The clerk's notation on the file folder, "Unfiled Judgment" is of no moment. Entry of a judgment is a pro forma function *(Huot v Dworman,* 13 Misc 2d 104). The clerk is a ministerial officer who has no authority to prevent filing of a judgment signed by the court (CPLR 5016 [c]; *Marc v Pinkard,* 133 Misc 83). Nor does the failure to serve a copy of the judgment with notice of entry upon petitioner have any bearing on its attempted enforcement (CPLR 5019 [a]), although it does extend petitioner's time in which to take an appeal (CPLR 5513 [a]).

The interest rate provided in section 5106 of the Insurance Law was not chosen haphazardly. It was obviously designed to inflict precisely the economic sanction about which petitioner so ardently complains. Given the investment return which an insurer can receive on its funds, the statutory interest rate may provide little incentive to make timely payment of its obligations under the No-Fault Law. Therefore, the Legislature had to impose an interest rate on overdue payments which would constitute a financial burden even where the insurer's return on its investments is relatively high. This court will not relieve petitioner from the consequences of its

own delinquency simply because the statute has produced its intended effect.

The Hospital, in its cross motion, seeks interest on the remainder of the judgment ($1,250 attorney fee and $25 administrative fee) from the date of the arbitration award to the entry of judgment. The Hospital is entitled to such interest from May 25, 1979, the date of the award, until October 23, 1979, the date of entry of the judgment pursuant to CPLR 5002. The Hospital is further entitled to interest on this portion of the judgment subsequent to the entry thereof, pursuant to CPLR 5003.

The interest due under the pertinent statutes is a matter of straightforward mathematical calculation which the parties are quite capable of performing. However, should petitioner fail to make payment in accordance with this determination within 60 days after service of a copy of this order with notice of entry, respondent may make application to the court for an order directing payment of a specified amount.

Accordingly, petitioner's motion is in all respects denied and respondent's cross motion is granted to the extent indicated in this opinion.