SS Medical Care, P.C., as Assignee of Campbelll Asher, Appellant, 
against
21st Century Insurance Company, Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Argyria A.N. Kehagias and Bryan Rothenberg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S. Garson, J.), entered February 16, 2017. The order, upon a motion by defendant to: (1) stay the execution of a judgment of that court entered February 2, 2012 pursuant to an August 16, 2011 order of that court granting plaintiff's unopposed motion for summary judgment; (2) vacate the judgment and, in effect, the August 16, 2011 order; and (3) dismiss the complaint, vacated the judgment and, in effect, the August 16, 2011 order, and dismissed the complaint.




ORDERED that the order entered February 16, 2017 is reversed, with $30 costs, and defendant's motion to stay the execution of the judgment entered February 2, 2012, to vacate the judgment and, in effect, the August 16, 2011 order, and to dismiss the complaint is denied.
Plaintiff SS Medical Care, P.C. (SS Medical) commenced this action to recover assigned first-party no-fault benefits for medical services provided as a result of a motor vehicle accident which had occurred on November 23, 2009. After issue had been joined, SS Medical moved for summary judgment, and defendant 21st Century Insurance Company (21st Century) failed to submit any opposition. By order entered August 16, 2011, the Civil Court (Robin S. Garson, J.) granted the motion, finding that SS Medical had established its entitlement to judgment. On August 30, 2011, plaintiff submitted to the clerk of the court a proposed judgment pursuant to the order, which judgment included statutory interest and attorney's fees, and sought its entry. After the order had been entered in the Civil Court, 21st Century commenced a declaratory judgment [*2]action in the Supreme Court, Nassau County, against SS Medical and its assignor herein, among other parties, pertaining to the November 23, 2009 accident, as well as other accidents involving other named assignors that had occurred between June 2009 and March 2010. On December 19, 2011, the Supreme Court granted 21st Century's motion, pursuant to CPLR 2201 and 6301, to "temporarily stay[]" pending and future lawsuits against 21st Century pertaining to, insofar as is relevant, the health care services, assignor and insurance policy at issue. On February 2, 2012, without any indication in the record that the Clerk of the Civil Court was aware of the declaratory judgment action or the order issued therein on December 19, 2011, the Civil Court entered a judgment, pursuant to the August 16, 2011 order, awarding SS Medical the principal sum of $1,182.20. By order entered May 6, 2015, the Supreme Court granted a motion by 21st Century for summary judgment in the declaratory judgment action, finding that the insurer had established, prima facie, that it possessed a founded belief that the collision at issue was intentional and, thus, not covered by the insurance policy in question, and that the provider and its assignor had failed to raise a triable issue of fact. On February 4, 2016, a declaratory judgment was entered in the Supreme Court pursuant to the May 6, 2015 order.
Thereafter, on the basis of the Supreme Court declaratory judgment, 21st Century moved, in the Civil Court, to stay the execution of the judgment in favor of SS Medical entered February 2, 2012 pursuant to the August 16, 2011 order, to vacate the judgment and, in effect, the order, and to dismiss the complaint. In support of the motion, 21st Century asserted, as its excuse for failing to oppose plaintiff's motion for summary judgment in the Civil Court, that 21st Century had been in the process of filing the declaratory judgment action in the Supreme Court. SS Medical opposed the motion and appeals from an order of the Civil Court (Robin S. Garson, J.) entered February 16, 2017 which vacated the judgment and, in effect, the August 16, 2011 order, and dismissed the complaint.
In support of the branch of its motion in the Civil Court seeking to vacate the judgment and, in effect, the August 16, 2011 order, 21st Century was required to establish, among other things, a reasonable excuse for its default in opposing plaintiff's motion for summary judgment (seeCPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). However, the excuse proffered by defendant's attorney was merely a conclusory statement that defendant had been in the process of filing the declaratory judgment action in the Supreme Court, which, in any event, does not constitute a reasonable excuse for failing to submit opposition to plaintiff's motion. In view of the lack of an excusable default, it is unnecessary for this court to consider whether defendant demonstrated the existence of a potentially meritorious opposition to plaintiff's motion. 
We note that, by its order entered on August 16, 2011, the Civil Court rendered its determination to grant SS Medical's motion for summary judgment, thus, completing the court's judicial function (see Vogel v Edwards, 283 NY 118 [1940]). Thereafter, and prior to the issuance of the Supreme Court's temporary stay of pending and future lawsuits against 21st Century, plaintiff applied in the Civil Court for the entry of a judgment pursuant to the August 16, 2011 order. As the order had resolved the motion, the entry of the judgment in the Civil Court on February 2, 2012, pursuant the August 16, 2011 order, was simply a ministerial act of [*3]the clerk (see e.g. Aetna Cas. & Sur. Co. v Whitestone Gen. Hosp., 142 Misc 2d 67 [Sup Ct, NY County 1988]). The record is devoid of any proceedings taken by either party in the Civil Court action in violation of the stay contained in the Supreme Court's December 19, 2011 order following its issuance.
Accordingly, the order entered February 16, 2017 is reversed and defendant's motion to stay the execution of the judgment entered February 2, 2012, to vacate the judgment and, in effect, the August 16, 2011 order, and to dismiss the complaint is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 02, 2019