OPINION OF THE COURT
Edward F. McLaughlin, J.
Third-party defendant AGK Communications, Inc., doing business as WAQX-95.3 Stereo (hereinafter 95X) moves to dismiss the third-party complaint for failure to state a cause of action. The issue to be decided is whether 95X, a radio station that, together with defendant Riva, the owner and operator of a tavern, cosponsored and promoted a “bar party” at which alcoholic beverages were dispensed without charge, may be held liable under the Dram Ship Act (General Obligations Law, § 11-101).
On September 30, 1980, from 8:00 p.m. to 9:35 p.m., the Main Street Mill, together with 95X, presented a “95X Bar Party” at which mixed drinks and draft beer were served at no charge. In exchange for providing the free drinks, the tavern was to receive radio advertising spots on 95X. The agreement of the cosponsors provided, among other things, that “WAQX is not responsible for the actions of any person in attendance at the party”. The radio station *737 provided a discjockey to play records during the party, and a representative of the station was apparently present, pursuant to the agreement, to be apprised of the total for drinks consumed. All drinks were dispensed or served by employees of the tavern.
Plaintiff and defendants Landers and Young, together with three others, left the tavern at about 11:30 p.m. and drove about three quarters of a mile to the home of a friend, where they spent the next one-half hour awaiting his arrival. Upon leaving to return to the tavern, plaintiff was injured when he fell to the highway from the back of the pickup truck owned by the defendant Young and operated by the defendant Landers.
The plaintiff’s complaint alleges negligence on the part of defendant Landers in the operation of the truck while in an intoxicated condition, and further alleges a violation of the Dram Shop Act by defendant Riva by the unlawful sale of liquor to Landers. Defendants Landers and Young instituted a third-party action against 95X for indemnification or contribution on the theory that the bar party was a promotional event devised and conducted as a joint venture by 95X and the Main Street Mill Tavern.
Section 11-101 of the General Obligations Law provides in pertinent part as follows: “1. Any person who shall be injured in person, property, means of support, or otherwise by any intoxicated person, or by reason of the intoxication of any person, whether resulting in his death or not, shall have a right of action against any person who shall, by unlawful selling to or unlawfully assisting in procuring liquor for such intoxicated person, have caused or contributed to such intoxication”.[1]
It is generally acknowledged that the statute was enacted for the dual purposes of suppressing the sale and use of intoxicating liquor, and of protecting and providing a remedy for dependents and persons injured by the unlawful sale of liquor. (Matalavage v Sadler, 77 AD2d 39; Mead v Stratton, 87 NY 493; Anderson v Comardo, 107 *738 Misc 2d 821.) The statute is remedial in nature (see Wilcox v Conti, 174 Misc 230) and creates an expansive cause of action completely unknown at common law (see Volans v Owen, 74 NY 526; Mead v Stratton, supra)[2]
The question here presented is whether strict liability under the Dram Shop Act may be extended to 95X as a nonseller of alcoholic beverages under the circumstances of this case.
It is well established that ón a motion pursuant to CPLR 3211 (subd [a], par 7), the question presented is whether a cause of action has been stated, not whether the cause of action can be proved. (Paul v Hogan, 56 AD2d 723.) Accordingly, all of the factual allegations in the complaint (or. cross claim) must be assumed to be true and the pleadings as a whole are deemed to allege whatever cause of action that can be implied from its statement by fair and reasonable intendment. (Dulberg v Mock, 1 NY2d 54; H.M. Brown, Inc. v Price, 38 AD2d 680.) All pleadings shall be liberally construed and policy considerations against dismissing third-party actions require that such complaints be entitled to a more liberal reading than others. (Taft v Shaffer Trucking, 52 AD2d 255; Gabrielle v Craft, 75 AD2d 939.) Nevertheless, the court concludes that the third-party action must be dismissed for failure to state a cause of action.
Basic to our notions of justice is the principle that a party charged with a responsibility or duty requires that authority necessary to fulfill such obligation. In the case at bar, the alcoholic beverages were dispensed solely by the tavern through its employee bartenders. The radio station had no say as to whom should be served, or how often. Such matters are generally understood to be the prerogative of the tavern’s proprietor and his employees, and are matters of judgment and discretion best left to such persons, who are in the best position to evaluate the circumstances and act accordingly as masters of their own premises. No such authority or discretion was delegated to or shared with the radio station in this case. In the opinion of this court, 95X did not “unlawfully assist in procuring liquor” for any *739 patron of the tavern, and to hold otherwise would give the statute a breadth and scope not envisioned or intended by the Legislature. (See Gabrielle v Craft, supra, at p 940.)
Therefore, the motion of the third-party defendant to dismiss the third-party complaint for failure to state a cause of action is granted.

. This section is to be read in conjunction with subdivision 2 of section 65 of the Alcoholic Beverage Control Law which prohibits the sale or giving of liquor to any intoxicated person, or to any person actually or apparently under the influence of liquor. (Mitchell v Shoals, Inc., 26 AD2d 78, affd 19 NY2d 338.)

. For a discussion of the origin and development of the Dram Shop Act, see McNally v Addis (65 Misc 2d 204); Matalavage v Sadler (supra).