KATHLEEN M. O'SULLIVAN *vs.* HEMISPHERE BROADCASTING
CORPORATION & another.[1]

Norfolk.   March 9, 1988. — April 5, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Negligence*, Alcoholic liquors. *Practice, Civil*, Summary judgment.

A radio station and a brewing company, which sponsored a promotional
   event featuring "free" beer and held on the premises of a third sponsor,
   were not liable in negligence or under G. L. c. 93A for injuries suffered
   when a person attending the event drank excessively, became intoxicated,
   operated his motor vehicle and struck the plaintiff, where it was estab-
   lished in summary judgment proceedings that neither the radio station
   nor the brewing company had any direct or vicarious control or right to
   control the distribution of beer at the event. [78]

CIVIL ACTION commenced in the Superior Court Department
on September 16, 1985.

The case was heard by *Andrew G. Meyer, J.,* on motions
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Alfred B. Cenedella, III,* for the plaintiff.

*Robert L. Athas* for Hemisphere Broadcasting Corporation.

*Charlene Andros (Michael DeMarco* with her) for Miller
Brewing Company.

NOLAN, J. The plaintiff appeals from the allowance of mo-
tions for summary judgment of defendants Hemisphere Broad-
casting Corporation (WBCN) and Miller Brewing Company
(Miller).[2] We transferred the appeal to this court on our own
motion. We affirm.

---

[1] Miller Brewing Company.

[2] Another defendant, That's Entertainment, Inc., doing business as The
Metro, is not a party to this appeal.

In reviewing action on a motion for summary judgment, our inquiry is governed by Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974), and cases decided under that rule, which provides that a motion for summary judgment should be allowed if a party demonstrates that there is no genuine issue of material fact and that such party is entitled to judgment as matter of law. See *Community Nat' l Bank* v. *Dawes*, 369 Mass. 550, 554 (1976).

From the pleadings and affidavits filed by the parties, we learn that the plaintiff, while operating her motor vehicle in Quincy on March 14, 1984, was struck and injured by one Wayne Batson.[3] Earlier that day Batson had attended a promotional event known as "WBCN Free Lunch" on the premises of The Metro and drank excessively, becoming intoxicated before operating his motor vehicle.

The Metro, Miller, and WBCN agreed to sponsor this promotional event on the premises of The Metro. WBCN agreed to donate radio advertising time to apprise its listeners of the event and to provide the appearance of some of its radio personalities. Miller agreed to provide "free" beer and, in fact, did provide free beer although the beer which Batson drank excessively was not Miller's. The plaintiff argues that The Metro, WBCN, and Miller were joint venturers and that Miller and WBCN had a right and obligation to control the distribution of free beer. It was negligent, the plaintiff argues, to fail to supervise the distribution of free beer and this negligence resulted in Batson's intoxication, which caused the plaintiff's injuries and emotional distress after he operated his motor vehicle.

Another theory advanced by the plaintiff implicates G. L. c. 138, § 69 (1986 ed.). The plaintiff argues that Miller and WBCN were engaged in a joint venture to violate the requirements of the statute, which prohibits the sale or distribution of alcoholic beverage to one who is already intoxicated. The plaintiff continues her argument by claiming that a violation

---

[3] Batson was convicted of operating his motor vehicle while under the influence of liquor as well as operating so as to endanger and speeding.

of G. L. c. 138, § 69, was a violation of her rights under G. L. c. 93A, § 2 (1986 ed.).

The fatal weakness in the plaintiff's entire case (both for negligence and for c. 93A violation) is the defendants' total lack of control and right to control the distribution of the free beer. See *Buck* v. *Clauson's Inn at Coonamessett, Inc.*, 349 Mass. 612, 615 (1965). It is undisputed that neither Miller nor WBCN had a right to control the distribution of the beer. In fact, neither defendant had a license under the very statutes invoked by the plaintiff which would permit them to control the distribution of the beer.

In a word, neither WBCN nor Miller directly or vicariously was authorized to supervise the distribution of beer and hence neither WBCN nor Miller had the right to control its distribution. See *Magee* v. *Landers*, 122 Misc. 2d 736 (N.Y. Sup. Ct. 1984). Therefore, neither WBCN nor Miller can be held liable in negligence or for violation of c. 93A.

*Judgments affirmed.*