WAYNE R. MOSKO *vs.* RAYTHEON COMPANY.

Middlesex. September 14, 1993. - November 10, 1993.

Present: WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Alcoholic Liquors*, Liability of host, Motor vehicle. *Negligence*, Serving alcoholic liquors to guest, Employer.

An employee's voluntary attendance at a social event sponsored by his employer, not on the employer's premises and outside of normal working hours, was not reasonably viewed as conduct within the scope of his employment; as a consequence, the employer was not vicariously liable for damages resulting from the employee's negligent operation of his automobile after he became intoxicated at the party. [397-400]

Where an employer that sponsored a social event did not furnish or pay for the alcohol consumed by its employees or have control over the manner in which the liquor was served, summary judgment was correctly entered for the employer in an action by a third party who suffered injuries when struck by a vehicle operated by an employee who had attended the party and had become intoxicated. [400-403]

CIVIL ACTION commenced in the Superior Court Department on December 10, 1990.

The case was heard by *Katherine Liacos Izzo*, J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas J. Iovieno* for the plaintiff.

*Carol A. Griffin* for the defendant.

GREANEY, J. The plaintiff, Wayne R. Mosko, was injured when struck by the vehicle of an employee of the defendant, Raytheon Company (Raytheon), who had attended a Christmas party for Raytheon employees and become intoxicated. The plaintiff brought an action in the Superior Court to recover damages from Raytheon on the basis that Raytheon was responsible for the negligence of its employee. A judge

of the Superior Court granted Raytheon's motion for summary judgment. Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974). The plaintiff appealed. We granted his application for direct appellate review and affirm the judgment for Raytheon.

Viewed in the light most favorable to the plaintiff, see *Alioto* v. *Marnell*, 402 Mass. 36, 37 (1988), the materials submitted on the summary judgment motion established the following facts. On the evening of December 11, 1987, a Christmas party was held for employees of Raytheon's Manchester, New Hampshire, facility at Peter C's, a South Bedford, New Hampshire, restaurant. With the company's permission, Raytheon employees planned the event during working hours. The party was advertised (as a Raytheon employees' Christmas party) on posters displayed at Raytheon's facility, and tickets to the event were sold there. Raytheon partially sponsored the event, furnishing $300 toward the initial payment to reserve a room at Peter C's, and an additional $1,450 to defray part of the food bill which was not covered by ticket sales to employees. Raytheon employees attending the event purchased their own alcoholic beverages from a cash bar staffed by the employees of Peter C's.

One of Raytheon's employees became intoxicated at the party. While driving home on a Massachusetts highway, the employee swerved into the breakdown lane where the plaintiff was preparing to change a tire on his vehicle. The employee's vehicle struck the plaintiff's vehicle and seriously injured the plaintiff.

Against this factual background, we must decide a question we have reserved, "whether, in an accident involving injuries to a third party, we would consider [adopting] a separate standard [of care] for [an] employer-host." *Manning* v. *Nobile*, 411 Mass. 382, 389-390 n.9 (1991).[1] Based on common law principles of negligence, this court has ruled that, in some circumstances, those serving alcohol to an obviously in-

---

[1]The parties all agree that Massachusetts law is to be applied to the case notwithstanding the fact that all the drinking occurred in New Hampshire.

toxicated person may be liable to a third party for injuries caused by the intoxicated person. A commercial vendor of alcoholic beverages may be liable to a third person who is injured in a motor vehicle accident negligently caused by a customer if the vendor sold alcohol to someone the vendor knew or reasonably should have known was intoxicated. *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 156 (1986). *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 327 (1982).[2]

In *McGuiggan* v. *New England Tel. & Tel. Co.*, *supra* at 162, this court indicated that, in addition to the liability of commercial vendors of alcohol, "[w]e would recognize a social host's liability to a person injured by an intoxicated guest's negligent operation of a motor vehicle where a social host who knew or should have known that his guest was drunk, nevertheless gave him or permitted him to take an alcoholic drink and thereafter, because of his intoxication, the guest negligently operated a motor vehicle causing the third party's injury." See *Cremins* v. *Clancy*, 415 Mass. 289, 291 (1993); *Manning* v. *Nobile*, *supra* at 390.

The plaintiff argues that a duty of care should be imposed on an employer like Raytheon who hosts or sponsors a party at which employees consume alcohol to take reasonable steps to prevent employees from driving in order to minimize the risk of harm to innocent third parties. We decline to recognize such a duty on the facts here. We conclude that the possible liability of an employer-host should be tested by existing standards governing a social host's liability. Measuring Raytheon's conduct by those standards, we further conclude that Raytheon is not liable to the plaintiff.

---

[2]General Laws c. 138, § 69 (1992 ed.), provides: "No alcoholic beverages shall be sold or delivered on any premise licensed under [c. 139] to an intoxicated person." Violation of this provision carries a criminal penalty. A violation also is regarded as "some evidence" of a tavern keeper's negligence in a civil suit arising from injuries caused to a third party by an intoxicated customer. *Bennett* v. *Eagle Brook Country Store, Inc.*, 408 Mass. 355, 358-359 (1990).

1. Relying primarily on *Dickinson* v. *Edwards*, 105 Wash. 2d 457 (1986), the plaintiff argues that employers who host or sponsor parties at which their employees become intoxicated may be held liable for the negligent driving of their employees based on the doctrine of respondeat superior. The *Dickinson* case concerned a motor vehicle accident caused by an employee of Kaiser Aluminum & Chemical Corporation (Kaiser). The employee had attended a banquet hosted by Kaiser to honor its long-term employees. Kaiser paid all of the expenses of the function, including the cost of alcoholic beverages served to the guests, and the employee took ample advantage of the company's generosity. *Id.* at 459-460. Three members of the Washington Supreme Court concluded that an employee attending a banquet hosted by his employer (off the employer's premises and outside of working hours), might be found to be acting within the scope of his employment while drinking at the banquet.[3] The employee's negligent conduct, for which the employer could be held vicariously liable, was said to be the employee's excessive consumption of alcohol at the banquet rather than his conduct in negligently driving a vehicle while intoxicated.[4] In

---

[3]*Dickinson* v. *Edwards*, 105 Wash. 2d 457 (1986), was a decision reached en banc. Three judges joined in the main opinion. Three judges of the court concurred in the result, on different grounds. Four of the court's judges dissented, in two separate opinions.

[4]These three judges announced "a new application of the doctrine of respondeat superior, which may allow a plaintiff to recover from a banquet-hosting employer without damaging the [common law rule that an employee driving to or from work is not acting within the scope of his employment]." *Dickinson* v. *Edwards, supra* at 468.

The opinion set out the following elements for establishment of a prima facie case:

"1. The employee consumed alcohol at a party hosted by the employer which was held to further the employer's interest in some way and at which the employee's presence was requested or impliedly or expressly required by the employer.

"2. The employee negligently consumed alcohol to the point of intoxication when he knew or should have known he would need to operate a vehicle on some public highway upon leaving the banquet.

"3. The employee caused the accident while driving from the banquet.

"4. The proximate cause of the accident, the intoxication, occurred at

our opinion, this is a strained application of the doctrine of respondeat superior which cannot be sensibly reconciled with the generally accepted factors and standards relied on in determining whether an employee is acting within the scope of his employment.

The "conduct of an agent is within the scope of employment if it is of the kind he is employed to perform, *Douglas* v. *Holyoke Mach. Co.*, 233 Mass. 573, 576 (1919); if it occurs substantially within the authorized time and space limits, *Vallavanti* v. *Armour & Co.*, 260 Mass. 417, 419-420 (1927); and if it is motivated, at least in part, by a purpose to serve the employer, *Donahue* v. *Vorenberg*, 227 Mass. 1, 5 (1917); *McKeever* v. *Ratcliffe*, 218 Mass. 17, 20 (1914). See Restatement (Second) of Agency § 228 (1958)." *Wang Lab., Inc.* v. *Business Incentives, Inc.*, 398 Mass. 854, 859 (1986). Travel to and from home to a place of employment generally is not considered within the scope of employment. See *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 666 (1975); *Kelly* v. *Middlesex Corp.*, 35 Mass. App. Ct. 30, 32 (1993).

Raytheon's employee in this case, a product assurance manager who was driving home at the time of the accident, was not engaged in conduct of the kind he was hired to perform. The party was not held on Raytheon's premises or during working hours. Any intangible benefit to Raytheon of improved employee morale would not be a sufficient basis to transform a purely social occasion, at which attendance was voluntary, into an evening of work.[5] We agree with the

---

the time the employee negligently consumed the alcohol.

"5. Since the banquet was beneficial to the employer who impliedly or expressly required the employee's attendance, the employee negligently consumed this alcohol during the scope of his employment." *Id.*

For additional cases adopting a similar application of respondeat superior, see *Chastain* v. *Litton Sys., Inc.*, 694 F.2d 957, 962 (4th Cir. 1982), cert. denied, 462 U.S. 1106 (1983) (purportedly applying North Carolina law), and *Harris* v. *Trojan Fireworks Co.*, 120 Cal. App. 3d 157, 160-165 (1981).

[5]The parties disagree on whether there was information before the judge that Raytheon claimed a business expense tax deduction for the funds it

judge, and the decisions brought to our attention which we consider more persuasive, that an employer is not vicariously liable on the facts present here.[6] An employee's voluntary attendance at a social event sponsored by his employer, like the party here which was off the employer's premises and outside of normal working hours, cannot reasonably be viewed as conduct within the scope of his employment.

2. Relying on the concurring opinion in *Dickinson* v. *Edwards, supra* at 470-482, see note 2, *supra*, the plaintiff also argues that an employer's special relationship with its employees, and the concomitant ability to control their actions, warrants imposition of a duty on an employer hosting or sponsoring an employee party to take reasonable steps to prevent employees from driving while intoxicated, even when the employer neither furnishes nor controls the alcohol served at the party.[7] Although, as a general rule, there is no duty to

---

provided to defray the costs of the party. We need not resolve this disagreement because this factor would not be relevant. The plaintiff's insistence that the Raytheon party benefited the company financially because Raytheon deducted its contribution to the party as a business expense is puzzling. The ability to deduct those expenses would mean only that Raytheon would lose less financially, not that it received a positive benefit.

[6]See *Bruce* v. *Chas Roberts Air Conditioning, Inc.*, 166 Ariz. 221, 226 (Ct. App. 1990) (employee driving home not subject to employer's control; driving home while drunk not actuated by purpose of serving employer); *Dobozy* v. *Cochran Airport Sys., Inc.*, 174 Ga. App. 625, 625 (1985) (accident occurred outside of scope of employment where employee was driving home, party was not on employer's premises, attendance at party not required; employee driving home in own vehicle is not furthering employer's business); *Kuykendall* v. *Top Notch Laminates, Inc.*, 70 Md. App. 244, 249-250 (1987) (same); *McClure* v. *McIntosh*, 770 S.W.2d 406, 410-411 (Mo. Ct. App.), cert. denied sub nom. *McClure* v. *Jefferson Arms Corp.*, 493 U.S. 955 (1989) (employee driving colleague home from party not acting within scope of employment where employees were not required to attend party, and driver was not engaged in errand for employer); *D'Amico* v. *Christie*, 71 N.Y.2d 76, 88 (1987) (employee driving to and from work ordinarily not acting within scope of employment so as to impose liability on employer for negligent driving during these trips).

[7]In making this argument, the plaintiff also relies on Restatement (Second) of Torts § 315 (1965), which states, as an exception to the general rule that no duty exists, that a person may have a duty to control the actions of another so as to prevent harm to third parties if a "special relation" exists between the person and the other who should be controlled. It

protect others from the negligent or wrongful acts of third parties, based on social values and customs, such a duty may be premised on the existence of a special relationship between the negligent person and the person or entity on whom it is sought to impose liability. See *Irwin* v. *Ware*, 392 Mass. 745, 756-757 (1984); *Mullins* v. *Pine Manor College*, 389 Mass. 47, 50 (1983); *Pucci* v. *Amherst Restaurant Enters.*, 33 Mass. App. Ct. 779, 781 (1992). In limited circumstances, "[w]e have discerned such a special relationship in cases addressing the liability of private parties to members of

---

is unlikely that the principles stated in this section were intended to apply to the relationship of an employer and an employee when the employee is not acting within the scope of his employment, because a separate section, § 317, specifically addresses the duty of an employer to control an employee who is not acting within the scope of his employment.

Section 317 provides: "A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm, if

"(a) the servant

"(i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or

"(ii) is using a chattel of the master, and

"(b) the master

"(i) knows or has reason to know that he has the ability to control his servant, and

"(ii) knows or should know of the necessity and opportunity for exercising such control."

In cases involving facts similar to those of the present case, courts in a number of other jurisdictions have concluded that the principles expressed in §§ 315 and 317 cannot be read to impose a duty on the employer. See *Pursley* v. *Ford Motor Co.*, 462 N.E.2d 247, 249-250 (Ind. Ct. App. 1984) (§ 317 does not impose duty on employer where accident did not occur on employer's premises and employee was not using employer's vehicle); *Thies* v. *Cooper*, 243 Kan. 149, 155-156 (1988) (§§ 315 and 317 do not apply because employee was not on employer's premises or using employer's vehicle); *Kuykendall* v. *Top Notch Laminates, Inc.*, *supra* at 249-250 (declining to base liability on § 315 because employer has no right to control employee's actions outside of working hours); *Meany* v. *Newell*, 367 N.W.2d 472, 475-476 (Minn. 1985) (§ 317 applies when employee is on employer's premises such that employer can control employee). We agree with these courts that § 317 cannot be read to apply to an accident that occurs when an employee is driving his own vehicle and is not on his employer's premises.

the general public where alcohol and driving were involved."
*Irwin* v. *Ware, supra* at 757.

No such duty of care has been imposed, however, when a private defendant has not engaged in conduct that fairly might be described as negligent by furnishing alcohol to an obviously intoxicated person (or to a minor).[8] In addressing a claim of negligence, our cases have emphasized that a social host's duty of care derives from the host's actual control of the liquor supply. *Ulwick* v. *DeChristopher*, 411 Mass. 401, 407 (1991). Only when a host controls the liquor supply is it reasonable to assume that a host has the ability to monitor the guests' alcohol consumption. See *Cremins* v. *Clancy, supra* at 293-294 (declining to find duty of care where teenagers shared ownership of alcohol supply); *Ulwick* v. *DeChristopher, supra* at 406-407 (declining to find duty of care where defendant hosted "bring your own booze" party); *O'Sullivan* v. *Hemisphere Broadcasting Corp.*, 402 Mass. 76, 78 (1988) (no liability for commercial defendants sponsoring promotional event due to their lack of control, and lack of right to control, distribution of alcoholic drinks); *McGuiggan* v. *New England Tel. & Tel. Co., supra* at 161 (social host liability in other jurisdictions has been limited to "flagrant" cases where defendant furnished alcoholic drink to an obviously intoxicated guest). Similarly, the duty imposed on a commercial vendor of alcohol rests in large part on the vendor's control over the liquor on the vendor's premises. *McGuiggan* v. *New England Tel. & Tel. Co., supra* at 157. See *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 390 Mass. 6, 11-12 (1983) (liability premised on sale of liquor to a minor, an act prohibited by statute). Any benefit an employer realizes from hosting or sponsoring an employee party like the one in this case cannot justify departing from the princi-

---

[8]*Brockett* v. *Kitchen Boyd Motor Co.*, 264 Cal. App. 2d 69 (1968) and *Otis Eng'g Corp.* v. *Clark*, 668 S.W.2d 307 (Tex. 1983), relied on by the plaintiff, are factually inapposite. In those cases, an agent of the employer placed an obviously intoxicated employee in a vehicle and instructed the employee to drive home. We express no opinion as to whether an employer might incur liability based on those facts.

ple that a host's duty of care derives from control over the liquor supply.[9]

When that principle is applied, it is obvious that summary judgment was properly granted to Raytheon. Raytheon employees attending the Christmas party purchased their own drinks from a cash bar staffed by the employees of Peter C's. Raytheon did not furnish or pay for the alcohol consumed by its employees, and there is nothing to show that Raytheon had any control over the manner in which the employees of Peter C's performed their bartending duties.

*Judgment affirmed.*

---

[9]We note that a number of other jurisdictions (which have declined to impose liability for various reasons) also have declined to distinguish between employer hosts and social hosts for purposes of determining whether liability should be imposed. See *Williams* v. *United States Fidelity & Guar. Co.*, 854 F.2d 106, 108 (5th Cir. 1988) (applying Mississippi law); *Bruce* v. *Chas Roberts Air Conditioning, Inc.*, *supra* at 223-224; *Thompson* v. *Trickle*, 114 Ill. App. 3d 930, 931-932 (1983); *Stottle* v. *Brown Group, Inc.*, 801 S.W.2d 479, 480-481 (Mo. Ct. App. 1990); *Overbaugh* v. *McCutcheon*, 183 W. Va. 386, 388-392 (1990). See also *Behnke* v. *Pierson*, 21 Mich. App. 219, 220-221 (1970) (discussing employer host's possible liability in terms of social host's possible liability).