Lana Brown DAUGHERTY, Plaintiff,

v.

ELMCREST, INC. and Country Caterers, Inc., Defendants.

Civ. A. No. 92–30183–MAP.

United States District Court, D. Massachusetts.

May 26, 1994.

Lawrence B. Wernick, Cohen, Rosenthal, Price, Mirkin & Wernick, Springfield, MA Gerald S. Sack, Sack, Spector & Barrett, West Hartford, CT, for Lana Brown Daugherty.

J. Norman O'Connor, David M. Mongue, Donovan & O'Connor, Adams, MA, for Elmcrest, Inc.

Kathleen E. Sheehan, Keyes & Donnellan, Springfield, MA, for Country Caterers, Inc.

## MEMORANDUM REGARDING DEFENDANT ELMCREST'S MOTION FOR PARTIAL SUMMARY JUDGMENT

PONSOR, District Judge.

### I. INTRODUCTION

This motion raises a question of first impression in the Commonwealth of Massachu-

setts: May the holder of a liquor license be held liable for injuries resulting from the negligence of a lessee using its premises who improperly sells alcoholic beverages? The facts underlying this question are simple, and tragic.

On June 8, 1990, plaintiff Lana Brown Daugherty ("Daugherty") attended a wedding reception held at the Elmcrest Country Club in East Longmeadow, Massachusetts. Elmcrest, Inc., the owner of the club, is the holder of the liquor license for the premises.

In 1990, Elmcrest entered into a contract permitting defendant Country Caterers to rent the country club for use at wedding receptions and other occasions. Country Caterers provided all the food and alcoholic beverages for these occasions and served the alcohol under the authority of *Elmcrest's* license.

It is undisputed that on June 8, 1990, Country Caterers was solely responsible for providing service personnel at the wedding reception. In addition, while Elmcrest received rent for the occasion from Country Caterers, it did not receive a percentage of the proceeds from the sale of any alcohol or food.

During the course of the reception, Mark Ladd, a minor, was allegedly served alcoholic beverages. To make it worse, he was allegedly served at a time when the personnel employed by Country Caterers reasonably should have noticed that he was highly intoxicated. Ladd left the premises with plaintiff, driving plaintiff's car, and almost immediately drove into another vehicle, with resulting catastrophic injuries to the plaintiff. Plaintiff has now sued Elmcrest and Country Caterers.

Elmcrest has moved for summary judgment on the ground that, as a matter of law, it owed no duty of care to the plaintiff. For the reasons set forth below, this motion will be denied.

## II. DISCUSSION

■ To succeed in her claim, plaintiff must prove the four elements of common law negligence: duty, breach, proximate cause, and damages. *See, e.g., Bennett v. Eagle-brook Country Store, Inc.,* 408 Mass. 355, 358, 557 N.E.2d 1166 (1990). Elmcrest argues that the court's analysis should begin and end with the issue of duty. "There can be negligence only where there is a duty to be careful." *Yakubowicz v. Paramount Pictures Corp.,* 404 Mass. 624, 629, 536 N.E.2d 1067 (1989) (citation omitted). Whether Elmcrest owed a duty of care to the plaintiff is a question of law for the court. *O'Gorman v. Anotonio Rubinaccio & Sons, Inc.,* 408 Mass. 758, 760, 563 N.E.2d 231 (1990) (citing *Monadnock Display Fireworks, Inc. v. Andover,* 388 Mass. 153, 156, 445 N.E.2d 1053 (1983)).

■ Elmcrest relies on a line of cases discussing social host liability. It is clear that under Massachusetts law a social host is not liable to a third party for damages caused by an intoxicated guest unless the host himself served or provided the alcohol. *See Mosko v. Raytheon Co.,* 416 Mass. 395, 622 N.E.2d 1066 (1993); *Ulwick v. DeChristopher,* 411 Mass. 401, 582 N.E.2d 954 (1991).

■ The Supreme Judicial Court, however, has emphatically distinguished the liability of a social host from that of a commercial establishment, such as Elmcrest. *McGuiggan v. New England Telephone and Telegraph Company,* 398 Mass. 152, 496 N.E.2d 141 (1986).

> There are, of course differences between the operation of a commercial establishment selling alcoholic beverages for consumption on the premises and the furnishing of alcoholic beverages to guests in one's home. Balancing these differences, courts have found it easier to impose a duty of care on the licensed operator than on the social host. The threat of tort liability may serve the public purpose of offsetting the commercial operator's financial incentive to encourage drinking. The means of serving beverages in a bar, tavern, or restaurant normally permits closer control and monitoring of customers and their consumption than is typically possible in private gatherings. . . .

*Id.* at 157, 496 N.E.2d 141.

In sum, Elmcrest's position is simply not analogous to that of a social host.

■ In opposition to the motion plaintiff presents two arguments. First, she claims that Elmcrest, even if it was not negligent itself, is liable for the negligence of Country Caterers under the doctrine of vicarious liability. Recently, the SJC addressed the issue of vicarious liability in a case involving the liability of an employer who allowed an intoxicated employee to drive home. The court held that the "principles of vicarious liability apply where only the agent has committed a wrongful act.... The liability of the principal arises simply by the operation of law and is only derivative of the wrongful act of the agent." *Kelly v. Avon Tape,* 417 Mass. 587, 631 N.E.2d 1013 (1994).

Plaintiff maintains that because the sale of alcohol raises important public safety and social policy concerns, Elmcrest, as the holder of a liquor license, should be held vicariously liable for any negligence on the part of its lessees. This argument can be quickly rejected. Massachusetts law is clear that liability against a commercial vendor only arises if the plaintiff can satisfy the elements of a common law negligence claim. In *McGuiggan v. New England Telephone and Telegraph,* 398 Mass. 152, 496 N.E.2d 141 (1986) the SJC explained that

> a licensed commercial vendor of alcoholic beverages owes a duty to a third person who is injured in a motor vehicle accident caused by the negligence of a customer to whom the vendor sold a drink when he knew or reasonably should have known the customer was intoxicated.... The question for the trier of fact is whether the vendor failed to "exercise that degree of care for the safety of travelers that ought to be exercised by a tavern keeper of ordinary prudence in the same or similar circumstances."

*Id.* at 156–57, 496 N.E.2d 141. (citations omitted). *See also O'Gorman v. Antonio Rubinaccio & Sons, Inc.,* 408 Mass. 758, 760–61, 563 N.E.2d 231 (1990). Plaintiff does not cite to, and the court cannot find, any Massachusetts case law holding an owner of a liquor license vicariously liable for the actions of its lessee. Case law supports defendant's position that liability must be grounded in

common law negligence principles and not on the theory of vicarious liability.

Plaintiff's second argument, however, is persuasive. Elmcrest may be liable for its *own* negligence in failing properly to supervise the activities of Country Caterers in serving alcohol under the authority of Elmcrest's license. This responsibility arises both from the law and from obvious considerations of social policy.

As a threshold matter, it could hardly be clearer that the law requires the holder of a liquor license itself "to refrain from supplying those beverages to minors or to intoxicated persons." *Michnik–Zilberman v. Gordon's Liquor, Inc.,* 390 Mass. 6, 11, 453 N.E.2d 430 (1983), (citing Mass.Gen.Laws ch. 138, §§ 34, 69).

■ The unavoidable implication of this axiom is that a liquor license holder who fails to take reasonable steps to insure that its lessee does not negligently serve alcohol to minors or intoxicated persons may be found liable for this failure to behave reasonably. The reasonableness of Elmcrest's actions in supervising the activities of Country Caterers therefore becomes a question for the jury.

Equally importantly, this ruling upholds policy underlying the Dram Shop laws. In *O'Sullivan v. Hemisphere Broadcasting Corp.,* 402 Mass. 76, 520 N.E.2d 1301 (1988), a plaintiff was injured by an intoxicated driver who had attended a promotional event known as "WBCN Free Lunch." Plaintiff sued WBCN and two other corporate sponsors of the event, claiming that they were negligent in failing to supervise the distribution of free beer. The SJC's reasoning in holding that these defendants could not be found liable as a matter of law casts light on the issues in this case.

> The fatal weakness in the plaintiff's entire case is the defendants' total lack of control and right to control the distribution of the free beer. It is undisputed that neither Miller nor WBCN had a right to control the distribution of the beer. *In fact, neither defendant had a license under the very statutes invoked by the plaintiff*

*which would permit them to control the distribution of the beer.*

*Id.* at 78, 520 N.E.2d 1301. (Emphasis added).

Unlike the defendants in *O'Sullivan,* the defendant Elmcrest *is* the holder of the liquor license. Country Caterers operated merely under a common victualler's license issued by local authorities. In its 1990 liquor license renewal application, Elmcrest, through its employee Joseph Pagos, held itself out as the manager of the facility. Since Elmcrest was the holder of the license and since it enjoyed profits by permitting lessees such as Country Caterers to sell alcohol under the terms of this license, it is hardly unreasonable to hold Elmcrest liable for its own negligence—if the jury so finds—in failing property to supervise the activities of Country Caterers.

■ In determining whether a duty of care exists, the court may look at "existing social values and customs, and to appropriate social policy." *Yakubowicz v. Paramount Pictures Corp.,* 404 Mass. at 629, 536 N.E.2d 1067. Elmcrest's position, if adopted by the court, would permit a liquor license holder to insulate itself by, in essence, delegating the responsibility to supervise the service of alcohol to a lessee. To repeat, while Elmcrest cannot be held liable vicariously for the negligence of Country Caterers, it may be held liable for its own failure to use reasonable care in supervising Country Caterers. This will be an issue for the jury.

### III.   CONCLUSION.

For the reasons stated above, defendant's Motion for Partial Summary Judgment is hereby DENIED.