Kottmyer, J.
The plaintiffs, Marlene Lopresti and Gary Lopresti (referred to collectively as “the Loprestis”), filed this action against, among others, Eastern Bank alleging negligence (Count IV), negligent infliction of emotional distress (Count VIII), and loss of consortium (Count IX). Eastern Bank has moved for summary judgment on the claims asserted against it, *158 and the Loprestis have moved for partial summary judgment on their negligence claim against Eastern Bank. The Loprestis seek a ruling that Eastern Bank owed Mrs. Lopresti a duty of care. After hearing, consideration of the parties’ submissions, and for the reasons given below, the defendant’s motion for summary judgment is ALLOWED, and the plaintiffs’ cross-motion for partial summary judgment is DENIED.
SUMMARY JUDGMENT RECORD
The facts, viewed in the light most favorable to the plaintiffs, are as follows. On March 29, 1995, Eastern Bank and Malden Hospital, in cooperation with the Malden School District, sponsored a cholesterol screening event through an Early Awareness Health Education Program (“Early Awareness Program”) at the Malden Middle School. Eastern Bank Charitable Foundation contributed funds in the amount of $5,000 to the Early Awareness Program.[3] Malden Hospital staffed the event. While Eastern Bank’s name appeared as a co-sponsor on advertisements and pamphlets distributed through the Early Awareness Program, Eastern Bank had no role in the management, operation or staffing of the cholesterol screening event.
Mrs. Lopresti, a teaching assistant at the Malden Middle School, participated in the event and had her blood drawn by defendant Kathleen Arsenault, a phlebotomist at Malden Hospital. Shortly after Mrs. Lopresti’s blood was drawn, it was discovered that the needle used by Kathleen Arsenault to draw. Mrs. Lopresti’s blood had been previously used on another individual. No employee of Eastern Bank participated either directly or in a supervisory capacity in the drawing of blood to be tested. Since the incident, Mrs. Lopresti has undergone repeated medical testing to determine whether or not she contracted an infectious disease. To this date, Mrs. Lopresti’s test results have been negative.
DISCUSSION
This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by either submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass 706, 716 (1991).
The Loprestis bear the burden of establishing that: 1) Eastern Bank owed Mrs. Lopresti a duty of reasonable care; 2) Eastern Bank breached that duty of reasonable care; 3) Mrs. Lopresti suffered harm; and 4) Eastern Bank’s negligence caused her harm. Restatement (Second) of Torts §281 (1965); J.R. Nolan & L.J. Sartorio, Tort Law §204 (2d ed. 1989). "There can be negligence only where there is a duty to be careful.” Theriault v. Pierce, 307 Mass 532, 533 (1940). Whether a duty to be careful exists is a question of law. Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 156 (1983). The Loprestis argue that as a cosponsor of the Early Awareness Program’s cholesterol screening event, Eastern Bank had a duty to use reasonable care and to adequately supervise the general administration of the cholesterol screening.
Generally, a sponsor is not liable in negligence for injuries caused to event participants if the sponsor has no control over the event and is in no position to prevent the injuries. O’Sullivan v. Hemisphere Broad. Corp., 402 Mass. 76, 78 (1988). Eastern Bank Charitable Foundation contributed $5,000 to the Early Awareness Program. Eastern Bank was listed as a co-sponsor on the advertisements for the event and the pamphlets provided at the screening. However, Eastern Bank played no role in the management or operation of the Early Awareness Program. All of the medical personnel who performed the cholesterol screening at the event were employees of Malden Hospital, not Eastern Bank. As a co-sponsor of the cholesterol screening event, Eastern Bank provided financial backing through the Foundation, and Malden Hospital provided its expertise in conducting the medical testing.
A reasonable person who decided to undergo testing at the event would have relied upon Malden Hospital to supervise the medical aspects of the screening, not Eastern Bank. Bank employees are not perceived as having medical expertise. Eastern Bank fulfilled its obligations as a financial co-sponsor of the event when it caused the funds to be contributed. Eastern Bank had no control over the drawing of blood at the cholesterol screening event and was in no position to prevent Mrs. Lopresti’s injury.
Taken to its logical conclusion, the Loprestis’ contention would impose on Eastern Bank a duty to hire medical personnel to supervise the procedures employed and the testing performed by Malden Hospital. “In determining whether the law ought to provide that a duty of care is owed by one person to another, we look to existing social values and customs, and to appropriate social policy.” Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989) (citing Schofield v. Merrill, 386 Mass. 244, 246-54 (1982)). Imposing a duty of care on an individual or business that contributes funds to a charitable program of benefit to the general public in return for public credit would likely have a chilling effect on the willingness of individuals and businesses to provide such financial support. The potential incremental increase in the *159 level of care exercised in the operation of the program is far outweighed by the likely decrease in funds available to support such programs. In these circumstances, sound social policy would not be advanced by a rule that discouraged charitable giving. See also Wallace v. Wilson, 411 Mass. 8, 12 (1991); Hackett v. Costa, 12 Mass.L.Rptr. 420 (Garsh, J.) (Dec. 11, 2000). As a matter of law, Eastern Bank did not owe plaintiff a duty of care in the operation of the Early Awareness Program’s cholesterol screening event.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant Eastern Bank’s motion for summary judgment on all claims against it is ALLOWED, and the plaintiffs’ motion for partial summary judgment against Eastern Bank is DENIED.

 Eastern Bank also argues as grounds for allowing its motion 1) that the Foundation is a separate and distinct entity; and 2) that Massachusetts does not permit recovery for emotional distress for fear of future injury. It is not necessary to reach these issues.