# DECISIONS

### OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

---

COMMONWEALTH *vs.* MICHAEL JOHNSON.

Berkshire. January 5, 2004. - February 9, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Evidence,* Argument by prosecutor. *Practice, Criminal,* Cross-examination by prosecutor.

Questions a prosecutor posed during cross-examination at a criminal trial concerning the defendant's motive for attacking the victim did not create a substantial risk of a miscarriage of justice, where it was very likely that the prosecutor had a reasonable basis for his questions, which, on request, he could have disclosed, and where, in contrast to the flood of improper questions in *Commonwealth* v. *Christian,* 430 Mass. 552 (2000), there was one question to which the defendant objected, followed by somewhat different questions with no objections. [3-6]

At a criminal trial where the defendant was charged with assault and battery by means of a dangerous weapon (belt and buckle) and assault by means of a dangerous weapon (motor vehicle), the prosecutor's reference on cross-examination of the defendant to a videotape of the defendant's book-

ing was not in itself improper, and the improper form of the question did not amount to error where the judge sustained the defendant's objection to the question and instructed the jury that questions asked during the trial were not evidence. [6-7]

Any impropriety in a prosecutor's assertion at a criminal trial that the police were familiar with the defendant was rendered moot by the prosecutor's impeachment of the defendant with numerous prior convictions and by a police officer's testimony that he had known the defendant for about twenty-one years. [7-8]

COMPLAINTS received and sworn to in the Northern Berkshire Division of the District Court Department on September 12, 2000.

The cases were tried before *Paul M. Vrabel*, J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brian J. Kelly* for the defendant.

*Richard M. Locke*, Assistant District Attorney, for the Commonwealth.

COWIN, J. A District Court jury convicted the defendant, Michael Johnson, of assault and battery by means of a dangerous weapon (belt and buckle), and assault by means of a dangerous weapon (motor vehicle).[1] On appeal, the defendant, who testified in his own defense, claims that certain questions posed by the prosecutor during cross-examination were improper and created a substantial risk of a miscarriage of justice. The Appeals Court, in an order and unpublished memorandum pursuant to its rule 1:28, concluded that some of the questioning was improper, but that it did not create a substantial risk of a miscarriage of justice and affirmed. *Commonwealth* v. *Johnson*, 58 Mass. App. Ct. 1103 (2003). We granted the defendant's application for further appellate review and affirm the convictions because we conclude that the prosecutor's actions were not improper.

At trial, there was testimony that the defendant and Howard Lessman, the victim, had known each other for at least five years. In August, 2000, the defendant employed Lessman in his

---

[1]The defendant was acquitted of simple assault and battery and intimidation of a witness.

tree-cutting business for a brief period.[2] The defendant terminated this arrangement when he learned that his insurance company would not provide coverage for Lessman. On September 8, 2000, at approximately 6:30 P.M., Harold Lessman and his girl friend, Kelly Gorman, were walking home on Houghton Street in North Adams, when the defendant approached them in a vehicle. An altercation ensued.

The parties agree on very little about the incident. Lessman testified that the defendant nearly hit him and his girl friend as the defendant approached in a Chevrolet Blazer truck; the defendant got out of the truck, threatened to beat up the couple because they were "running [their] mouths," and then attempted to get back in the truck so he could run over Lessman. According to Lessman's testimony, during the incident the defendant removed his belt and used it to strike Lessman before getting back in the truck and driving away. Gorman testified that the defendant said that she was "shooting [her] mouth off about [the defendant's former wife]," and that his former wife wanted to "kick [Gorman's] ass."

The defendant, on the other hand, testified that Lessman forced him to stop the car by standing in the street, and then beating on the hood. The defendant further testified that he was not wearing a belt that day, that he did not threaten or attack Lessman, and that in fact Lessman attacked him. The defendant claimed that Lessman had been harassing his family since August, and so on this occasion he told Lessman to "stay away from my family and leave us alone." He testified that he was referring to Lessman's "bothering my eight year old daughter [and] wife." Neither the defendant nor the Commonwealth offered a detailed explanation as to the underlying cause or causes of the fight.

Lessman immediately reported the incident to the police and sought hospital treatment. Later that evening, the defendant was arrested at his home.

The defendant's principal contention is that the prosecutor's questions concerning his motive for the attack created a

---

[2]The defendant testified that Lessman worked for him for only one-half day. Lessman testified that the period of his employment was about two days.

substantial risk of a miscarriage of justice.[3] The defendant claims that the prosecutor lacked an evidentiary basis for his questions and therefore expected the defendant to answer in the negative. By this means, the defendant asserts that the prosecutor was attempting to place before the jury the suggestion of a motive without any evidentiary foundation, and improperly to introduce evidence of unrelated prior bad acts by the defendant toward his daughters.

A prosecutor may not cross-examine a witness "in bad faith or without foundation." *Commonwealth* v. *Christian*, 430 Mass. 552, 561 (2000), quoting *Commonwealth* v. *White*, 367 Mass. 280, 284 (1975). It is therefore an improper tactic for a prosecutor to "attempt to communicate impressions by innuendo through questions which are answered in the negative . . . when the [prosecutor] has no evidence to support the innuendo." *Commonwealth* v. *White*, *supra*, quoting ABA Standards Relating to the Prosecution Function § 5.7(d) (Approved Draft 1971). See P.J. Liacos, M.S. Brodin, & M. Avery, Massachusetts Evidence § 3.2, at 52 (7th ed. 1999) ("It is improper for the cross-examiner to ask a question that implies the truth of a proposition he knows to be false . . ."). When the prosecutor cross-examines a witness, he must have a basis for asking the question, and be prepared to disclose that reason to the judge.

---

[3]We recount the relevant colloquy here:

THE PROSECUTOR: "Sir, isn't it true that you were mad at Mr. Lessman for what he said about the way you treated your two older daughters . . . ?"

THE DEFENDANT: "No."

THE PROSECUTOR: "You have a bad relationship with those two, don't you?"

DEFENSE COUNSEL: "Objection."

THE JUDGE: "Sustained."

THE PROSECUTOR: "Well, Mr. Lessman had voiced his opinion about the way you treated your two older daughters, didn't he?"

THE DEFENDANT: "No, he did not."

THE PROSECUTOR: "And you didn't like that, did you?"

THE DEFENDANT: "No."

THE PROSECUTOR: "So when you saw Mr. Lessman on Houghton Street, you were mad at him, weren't you?"

THE DEFENDANT: "No, I was not."

*Commonwealth* v. *Christian, supra* at 561, citing *Commonwealth* v. *White, supra* at 285.

We most recently discussed this issue in *Commonwealth* v. *Christian, supra,* where the prosecutor asked the defendant a series of questions regarding a conversation. The questions all elicited denials. The prosecutor had some evidence of such a conversation, but never offered the evidence at trial. *Commonwealth* v. *Christian, supra* at 561-563. We concluded that "[i]t was permissible for the judge to permit the prosecutor to ask the defendant one question about [the defendant's] alleged conversation," but when the defendant consistently denied having the conversation, the judge should either have curtailed further questioning, ordered a voir dire of the witness to the alleged conversation, or sought assurance from the prosecutor that evidence of the conversation would be forthcoming (i.e., ask the prosecutor to disclose her basis for asking the question). *Id.* at 562.

The Appeals Court, in its unpublished memorandum, concluded that the prosecutor's failure to lay a foundation before questioning the defendant about his motive for the attack was itself improper. However, we did not state in the *Christian* case, nor do our other cases hold, that the prosecutor must lay an evidentiary foundation before asking such questions. The prosecutor is required only to have a basis for the questions, and to be prepared to disclose that basis to the court. *Commonwealth* v. *Christian, supra* at 562, citing *Commonwealth* v. *White, supra* at 285.

The questioning at issue in the present case was proper only if the prosecutor possessed, and was prepared to disclose, some reasonable basis for knowing that tension between the defendant and his daughters was known to Lessman, and that Lessman's comments on that subject may have been at the heart of the altercation. We are unable to ascertain whether the prosecutor possessed a reasonable basis[4] for asking the questions at issue for he was never requested to make such a basis known. The

[4]Our cases have used a variety of terms to describe the required basis, see, e.g., *Commonwealth* v. *Johnson,* 431 Mass. 535, 539 (2000) ("good faith basis"); *Commonwealth* v. *Christian,* 430 Mass. 552, 561 (2000) ("basis in fact"); *Commonwealth* v. *Dixon,* 425 Mass. 223, 228 (1997) ("good faith

defendant only objected to one question, which directly addressed the defendant's relationship with his daughters. This objection was sustained by the judge. The defendant did not object to the further questioning regarding what Lessman might have said. Gorman's testimony and the defendant's own statements suggest some hostility between the defendant's family on the one hand, and Lessman and Gorman on the other, and that the defendant was upset that Lessman and Gorman were "running their mouths" on some unspecified subject. In addition, although Lessman testified that he did not know why the defendant might have attacked him, it was the defendant who raised the issue of Lessman's interaction with and relationship to his family. Thus, it is very likely that the prosecutor had a reasonable basis for his questions which, on request, he could have disclosed. Here, where there were no further objections and the prosecutor was not called on to disclose his basis for the questions, the questioning was not improper.

Moreover, although we stated in *Commonwealth* v. *Christian*, *supra* at 562, that after one question the judge should have curtailed the questioning, conducted a voir dire, or asked the prosecutor to disclose her basis for the questions, the judge cannot be faulted for failing to take such action in this instance. Here, there was one question to which the defendant objected (and the judge sustained that objection), followed by somewhat different questions with no objections.[5] This may well have been a strategic choice by the defendant, and it is likely that the judge did not wish to interfere with this strategy.[6]

The defendant asserts a similar claim regarding a videotape

basis"). We adopt the term "reasonable basis," as "reasonable" encompasses "good faith" while excluding forays based on good faith that are nevertheless unreasonable.

[5]The present case is therefore distinguished from the consistent flood of improper questions in *Commonwealth* v. *Christian*, 430 Mass. 552, 561-563 & n.6 (2000).

[6]To the extent the defendant argues that the question regarding his relationship with his daughters suggested prior bad acts by the defendant, we conclude that there was no error. See *Commonwealth* v. *Wilson*, 427 Mass. 336, 351 (1998), and cases cited. The defendant's objection to this question was sustained, and the subject matter was not raised again during the trial. Further, the judge instructed the jury that questions asked during the trial are not evidence.

of his booking. He argues that reference to the videotape was improper and that the judge's failure to instruct the jury to disregard such reference was prejudicial error. The defendant testified that he could not have hit Lessman with his belt because he was wearing a string instead of a belt to hold up his pants on the day of the altercation.[7] In answer to further questioning, the defendant stated that the police did not remove the string from his pants. The prosecutor then asked, "You're telling this jury that the North Adams Police Department, familiar with you, let you go into a cell with a string?" After a few more questions, the prosecutor asked, "Sir, would it surprise you to know that the videotape of your booking shows no string on your pants?" The court sustained the defendant's objection to this question "in that form."

The reference to the booking videotape was not in itself improper. The form of the question was improper, and the judge sustained the objection for that reason.[8] The judge also instructed the jury that questions asked during the trial are not evidence. The jury are presumed to follow the judge's instructions. *Commonwealth* v. *Degro*, 432 Mass. 319, 328 (2000). There was no error and no need to give additional instruction, particularly when there was no further reference to the booking videotape.[9]

The defendant alleges additionally that the prosecutor's assertion that the police were "familiar" with him was improper and prejudicial because it suggested that the police had "undisclosed

[7]The defendant testified that he rarely wore a belt for job-related safety reasons.

[8]It is improper to pose such a question asking whether a witness "would be surprised" by certain facts. The witness's state of mind regarding the booking videotape is irrelevant; it has no "rational tendency to prove an issue in the case." *Commonwealth* v. *Quincy Q.*, 434 Mass. 859, 875 (2001), quoting *Commonwealth* v. *Fayerweather*, 402 Mass. 78, 83 (1989).

[9]To the extent that the defendant complains that there was no basis for inquiring at all about the videotape of the booking, the trial record indicates the existence of the tape: a police officer had already testified that the defendant's booking was videotaped. There was no allegation that the videotape shows a string on the defendant's pants. Thus, it appears that the prosecutor had a basis for asking the question. However, even if there had been no reasonable basis for the question, there still would have been no error, because the judge curtailed this colloquy after one question. See *Commonwealth* v. *Christian*, *supra* at 563.

negative information about him.'' There was no objection to the question. Any impropriety was rendered moot by the prosecutor's impeachment of the defendant with numerous prior convictions, and by a police officer's earlier testimony that he had known the defendant for about twenty-one years.

*Judgments affirmed.*