Lauriat, Peter M., J.
The plaintiff, Jeannette Hurley (“Hurley”), brought this negligence action against BBC Property Company (“BBC Property”) and Best Buy Stores, Limited Partnership (“Best Buy”). Hurley alleges that BBC Properly employees acted negligently by placing computer monitors on tables that later fell and injured Hurley. BBC Property’s motion for summary judgment. For the following reasons, the defendants’ motion for summaxy judgment is allowed.
BACKGROUND
BBC Property is the general partner of Best Buy. Hurley is a senior custodian at the Orchard Gardens K-8 Pilot School (“Orchard Gardens”) in Boston. In December of 2010, Jason Webb (“Webb”), a Best Buy employee, approached ErrickL. Greenlee (“Greenlee”), Best Buy’s Community Outreach Specialist in Best Buy’s South Bay store location, about setting up a volunteer opportunity at Orchard Gardens. Greenlee and Webb visited Orchard Gardens to determine what Best Buy volunteers could do to improve the school’s technological capabilities. Thereafter, Greenlee asked for volunteers among Best Buy’s employees and received indications of interest from around ten of them.
On December 17, 2010, Webb, Greenlee, and around ten other volunteers went to Orchard Gardens. The volunteers were not paid for their time, did not receive “comp time,” and were not rewarded with any extra time off for their volunteer service. Nothing in the record indicates that any of the volunteers were scheduled to be working in the Best Buy store during the time they volunteered. The principal and custodial staff at Orchard Gardens gave directions to the volunteers during their time at Orchard Gardens, and the volunteers did work such as installing memory on school computers and mounting on the walls televisions that the school had already acquired.
Greenlee and another volunteer, Travoy Pruitt (“Pruitt”), brought old computer monitors and printers to the basement of Orchard Gardens, accompanied by one of the school’s custodians. Access to the basement was limited to those with a key; at the time, only the three custodians and the principal had keys to the basement, and there is no evidence that those individuals gave keys to anyone else. Greenlee and Pruitt initially began setting the monitors on the floor, but the custodian told them to put the monitors on tables in the room because they would be a fire hazard on the floor. Greenlee testified in his deposition that he recalls placing the monitors on three separate tables and that he did not stack the monitors on top of each other.
On January 11, 2011, almost a month later, Hurley went into the basement to retrieve a radio. Hurley testified in her deposition that on that date there were two tables in the basement with computer monitors placed on them and that at least one of the tables had monitors stacked on top of one another. She had visited the basement between three and ten times since the volunteers were at the school on December 17, 2010, but had not noticed how many tables had monitors on them until January 11. She also observed that the legs on at least one of the tables where the monitors sat were leaning slightly away from the wall, which she attributed to missing screws. The radio Hurley went to retrieve was under one of the tables where the monitors sat, and Hurley crawled under the table to get it. While she was on her knees attempting to reach for the radio, two or three computer monitors fell and hit her on her back, arm and head. Hurley has now sued BBC Properly and Best Buy to recover for the injuries she sustained as a result of the monitors falling on her.
DISCUSSION
The defendants have moved for summary judgment, asserting that the volunteers were not acting within in the scope of their employment as Best Buy employees, that the evidence cannot establish negligence, and that the volunteers’ actions were not the proximate cause of Hurley’s injuries. “A party moving for summary judgment . . . has the burden of demonstrating that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.” Mass.RCiv.P. 56(c); Community Nat’lBank v. Dawes, 369 Mass. 550, 554 (1976); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713-14 (1991). The burden on the moving party may be satisfied either by submitting affirmative evidence that negates an essential element of the opposing party’s case, or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” *677 Kourouvacilis, 410Mass. at716. In deciding a motion for summary judgment, the facts must be viewed “in the light most favorable to ... [the nonmoving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991), citing Graham v. Quincy Food Serv. Employees Ass’n & Hosp., Library & Pub. Employees Union, 407 Mass. 601, 603 (1990).
I. Respondeat Superior
“Respondeat superior is the proposition that an employer, or master, should be held vicariously liable for the torts of its employee, or servant, committed within the scope of employment.” Dias v. BrighamMed. Assocs., 438 Mass. 317, 319-20 (2002). An employee’s conduct is within the scope of employment “if it is of the kind he is employed to perform, ... if it occurs substantially within the authorized time and space limits,... and if it is motivated, at least in part by a purpose to serve the employer.” Lev v. Beverly Enterprises-Mass., Inc., 457 Mass. 234, 238 (2010). Generally, travel to and from work is not considered to be within the scope of employment. Id.; see also Mosko v. Raytheon Co., 416 Mass. 395,400 (1993) (“An employee’s voluntary attendance at a social event sponsored by his employer,... which was off the employer’s premises and outside of normal working hours, cannot reasonably be viewed as conduct within the scope of his employment”).
Hurley contends that the defendants may be held vicariously liable for the actions of its employees here because the employees performed their volunteer tasks as part of the Best Buy Community Outreach initiative. Hurley further claims that, although the employees were not compensated for their time, they received personal satisfaction from the support of Best Buy, and Best Buy enjoyed a benefit from their volunteer activities.[1] There is no evidence that the tasks performed at Orchard Gardens were of the kind that each employee performed in his or her capacity as a Best Buy employee. See Lev, 457 Mass, at 238. The time and space element is also not satisfied, because the volunteer activities did not take place on the Best Buy premises, did not take place within the employees’ work time, and the activities were not directed by Best Buy in any way. The employees received all of their directions from Orchard Gardens staff, including where to set the monitors in the basement. See Mosko, 416 Mass, at 400. Finally, there is no evidence that the employees were motivated “by a purpose to serve” Best Buy in their performance of volunteer work. The employees were thus not acting within the scope of their employment. Accordingly, any negligent acts of the Best Buy employees volunteering at Orchard Gardens cannot be attributed to BBC Property and Best Buy.
II. Negligence
The defendants argue that, even if the employees acted within the scope of their employment, there is insufficient evidence to find that the employees acted negligently. In order to sustain a claim in negligence, Hurley must show that the defendants owed a legal duty of care to the plaintiff, that the defendants breached that duly of care, and that the breach proximately caused her injuries. Davis v. Westwood Group, 420 Mass. 739, 742-43 (1995). The general principle as to the duly of care element is that “every actor has a duty to exercise reasonable care to avoid physical harm to others.” Jupinv. Kask, 447 Mass. 141, 147 (2006).
Hurley has not presented evidence to establish that the Best Buy employees failed to exercise reasonable care in setting the monitors on tables. The only evidence in the record is that Greenlee recalls putting monitors on three side-by-side tables in the basement, and that four weeks later, there were only two tables, on at least one of which monitors were double stacked. There is no evidence as to when or how the monitors were moved, and the only people with access to the Orchard Gardens basement were the custodial staff and school principal.[2] Hurley has therefore provided no basis upon which a jury could find, without engaging in speculation, that Greenlee and Pruitt acted negligently.
ORDER
For the foregoing reasons, the Defendants’ Motion for Summary Judgment is ALLOWED.

In the memorandum in opposition to the present motion, counsel for the plaintiff argues that Best Buy “enjoyed the benefit of reaching ‘into the community to obviously create more customers,’ ” citing to the Statement of Facts, which further cites to Greenlee’s deposition. Misleadingly, the quoted passage in Greenlee’s deposition is actually taken from the deposing attorney’s question, rather than from Greenlee’s response. Thus, there is no support for the proposition that Best Buy sent volunteers into the community for the stated purpose of attracting customers.

In addition, during the time when the Best Buy employees were volunteering, they were under the direction and supervision of Orchard Gardens staff. It is undisputed that a custodian directed Greenlee and Pruitt to set the monitors on tables.